In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-400 CR


____________________



ERIC JARLAD REESE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 90348






MEMORANDUM OPINION


 A jury found Eric Jarlad Reese guilty of aggravated assault on a public servant. See
Tex. Pen. Code Ann. 22.02 (Vernon Supp. 2005). The trial court assessed punishment
at twenty years in the Texas Department of Criminal Justice - Institutional Division. In
a single point of error, Reese argues the trial court erred in permitting the State to
introduce extraneous offense evidence. 

 On July 6, 2003, three officers, Charla Phillips, Lance Tiner, and Aaron Lewallen
went to a restaurant "to assist a bail bondsman" in serving a felony warrant on Eric Reese. 
See Tex. Code Crim. Proc. Ann. art. 17.19 (Vernon 2005). Arriving before the other
officers and parking behind the suspect's car, Lewallen saw Reese and indicated he needed
to talk to him. Ignoring Lewallen's commands, Reese got in his car. As Reese closed his
car door and started reaching around in the car, Lewallen pulled his weapon out of the
holster. In the meantime, Officer Phillips pulled into the parking lot and observed Reese's
car backing up. Officers Tiner and Lewallen attempted to get Reese to stop. Reese's car
hit a wooden fence, and the fence fell down on top of the vehicle as the car backed up. 
Officer Phillips described what happened next:

 [Reese] pulled forwards, got just at the right angle where he could accelerate
- and I guess he was trying to leave the parking lot. And when he turned,
he cut the wheel and I saw Aaron [Lewallen] standing there and [Reese] was
going right for [Lewallen] and [Lewallen] jumped out of the way. Luckily,
he jumped out of the way or [Reese] would have ran right over him. 


The three officers believed Reese was intentionally trying to run Lewallen down. Phillips
and Lewallen testified Reese could have driven around Lewallen; there was room on either
side of the officer. Officer Phillips then pursued Reese out of the parking lot and through
a residential area. After about two miles of the high speed vehicle chase, Reese
surrendered to the officers. 

 On direct examination, Reese denied he tried to run over Officer Lewallen and
denied any intent to threaten or harm him. Both Reese and his mother, who was a
passenger in the car, stated the officer was never in front of the car, and Reese said he
never steered toward the officer. Reese testified he was scared and simply trying to "get
away." His testimony, in effect, denies the occurrence of any threatening act at all and
challenges the intent element of the offense. 

 During the State's cross examination of Reese, he objected to the State's
introduction of the following evidence: Reese was already on probation for possession of
a controlled substance at the time of this offense; Reese had violated his probation and
there were warrants (1) out for his arrest; and Reese had an illegal drug in the car at the time
of his arrest. The prosecutor maintained the evidence was relevant to Reese's "intent as
to why he was willing to run over [Officer Lewallen] . . . ." Relying on Tex. R. Evid.
404(b), the trial judge admitted evidence Reese was on felony probation and there was a
controlled substance in the car at the time of the stop. The trial court also admitted
evidence Reese had violated his probation and, although he knew he had a court date on
the motion to revoke probation, he missed the date. Reese also acknowledged he knew the
range of punishment for the offense on which he was on probation was two to twenty
years. 

 We review the trial court's admission of evidence under an abuse of discretion
standard. Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). Rule 404(b)
provides as follows:

 Evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show action in conformity therewith. It
may, however, be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident, provided that upon timely request by the accused in a
criminal case, reasonable notice is given in advance of trial of intent to
introduce in the State's case-in-chief such evidence other than that arising in
the same transaction.


We must determine whether the trial court could have reasonably concluded this evidence 
was logically relevant for purposes other than proof of bad character. See Ladd v. State,
3 S.W.3d 547, 568 (Tex. Crim. App. 1999) (citing Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh'g)). 

 Extraneous offense evidence may be admissible to establish one of the elements of
the crime. Johnston v. State, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004). Although
Reese acknowledges his probation for possession of a controlled substance is relevant to
proving his knowledge of drugs in the car and the arrest warrants are relevant to showing
intent to evade the police, Reese argues the evidence is not probative of intent to run over
the police officer. Reese expressly denied he tried to run over the officer with the car or
had any intent to threaten or harm him. The State offered the evidence to show that Reese
had the intent to do so. 

 The record establishes the presence of an illegal drug in the car in which Reese fled
from the police. The record also establishes the felony probation for felony possession of
cocaine, Reese's knowledge of the two-to-twenty year range of punishment on that
probated offense, and his non-compliance with probation reporting requirements. Reese
admitted he had not reported to his probation officer since December 2002, although he
was required to report at least once a month. Reese claimed he had been calling his
probation officer. The probation officer, Greg Mouton, testified Reese had stopped
meeting with him and had not called him.

 The evidence tends to prove not only that Reese was trying to get away, but that in
his flight from the police, he intended to run over the officer to prevent the officer from
stopping Reese. See generally Robbins v. State, 88 S.W.3d 256, 261-62 (Tex. Crim. App.
2002) (Defendant put intent at issue through vigorous cross examination and the
presentation of defensive theories; extraneous offense evidence had non-character
conformity relevance, because it logically served to make less probable defensive evidence
that undermined an elemental fact.)(citing Montgomery, 810 S.W.2d at 387). If Reese had
been stopped and arrested, the possibility existed that police would discover the drugs in
the vehicle, and his probation, which he acknowledged he had violated, could be subject
to revocation. The officers were attempting to stop him, and Lewallen had taken his gun
out of the holster. The extraneous offense evidence tended to show why Reese would
attempt to run over the officer to assist his escape. See Valdez v. State, 776 S.W.2d 162,
168 (Tex. Crim. App. 1989) (stating that evidence of the appellant's parole and his
knowledge of outstanding arrest warrants was admissible to show appellant's motive in
shooting a police officer); DeLeon v. State, 937 S.W.2d 129, 135-36 (Tex. App.--Waco 1996,
pet. ref'd) (Fact that defendant was driving a stolen car was admissible to show he feared
being arrested and showed his motive for attacking police officer who had stopped him for
speeding.). We conclude the trial court did not abuse its discretion in admitting the
evidence under Rule 404(b); the evidence had relevance apart from showing character
conformity. 

 Reese also objected to the admission of the evidence on the grounds it is more
prejudicial than probative. See Tex. R. Evid. 403. Rule 403 provides as follows:

 Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.


A Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of
the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3)
the time needed to develop the evidence; and (4) the proponent's need for the evidence. 
Montgomery, 810 S.W.2d at 389-90. 

 The evidence was probative of the element of intent. Evidence that Reese was on
probation for possession of a controlled substance, that he had violated his probation order,
and that he had drugs in the car tends to make it more probable than not that, while fleeing
from the scene in an effort to avoid arrest, Reese formed the intent, and attempted, to run
over the officer. Though the evidence is prejudicial to Reese, it is not unfairly prejudicial
because it does not tempt the jury to find guilt on grounds apart from proof of the charged
offense. The evidence relates to the contested element of intent and does not have a great
potential to impress the jury in an irrational way. Appellant relies on Moreno v. State, 22
S.W.3d 482 (Tex. Crim. App. 1999). Through impeachment, the State wanted to establish
Moreno had an interest or bias in avoiding conviction, because he was on felony
community supervision at the time of the charged offense. Id. at 484-86. In its Rule 403
balancing test, the Court found the evidence had little relevance or probative value, and
the danger of unfair prejudice was high. Id. at 488-89. The instant case is distinguishable. 
Here, the evidence is admissible under Rule 404(b) because it is relevant to a contested,
elemental fact in the case. In contrast to Moreno, the probative value of this relevant
evidence is not substantially outweighed by the danger of unfair prejudice. 

 The third factor looks to the time the prosecutor would need to develop the evidence
during which the jury will be distracted from consideration of the indicted offense. 
Because the evidence is relevant to intent, an element of the offense, a jury would not be
distracted away from the charged offense. As to the fourth factor, the focus is on whether
the State had other evidence establishing this fact and whether this fact is related to a
disputed issue. The State was confronted with Reese's express denial of intent to run over
the officer and Reese's explanation. Evidence of a reason why he would assault an officer
is probative of the intent element which Reese denied. The State's need for the evidence
was significant. 

 After applying the Montgomery factors, we find the factors weigh in favor of
admissibility. The trial court did not abuse its discretion in admitting the evidence. Issue
one is overruled.

 The conviction is affirmed.

 AFFIRMED.

 _______________________________

 DAVID GAULTNEY

 Justice



Submitted on July 15, 2005

Opinion Delivered August 24, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney, and Horton, JJ.

1. Appellant argues the State "flagrantly misrepresented" to the trial judge and the
jury that one of the warrants was for a violation of probation when, in reality, it was for
a bond forfeiture on the case on which Reese was on probation. The trial court did not
base its admission of the objected-to evidence on the warrant's specifics. The trial judge
admitted the objected-to evidence under Tex. R. Evid. 404(b) and the element of intent. 
The actual warrants were admitted for record purposes only and were never presented to
the jury. Further, appellant never objected to the prosecutor's descriptions of the warrants
to the trial judge. Reese denied any knowledge that a warrant had been issued for a
probation violation.