Opinion issued December 13, 2007 






 



 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00128-CR

____________


LORENZO DESHUN DANCY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1096505






MEMORANDUM OPINION

 A jury found appellant, Lorenzo Deshun Dancy, guilty of the offense of
aggravated assault with a deadly weapon on a family member (1) and assessed his
punishment at confinement for five years. In his sole point of error, appellant
contends that the trial court erred in excluding evidence that his deceased mother
"had a gun in the house."

 We affirm.

Factual Background

 Ernest Hankston, the complainant, testified that after his mother had died, he
and appellant, his son, disputed who inherited her house. After both men had lived
at the house for two months, on August 7, 2006, at around 7:00 a.m., appellant
"loudly" knocked on the complainant's locked bedroom door, asking to borrow his
car. The complainant, who had been asleep with his girlfriend, Priscilla Richard,
replied, "No." Approximately fifteen minutes later, when appellant unsuccessfully
asked the complainant for a ride to the bank, appellant kicked in the complainant's
door and pointed a .357 Magnum revolver at the complainant and Richard. (2) 
Appellant told the complainant to get up and leave "his goddamn house" or he would
blow both of their "brains out." He exclaimed that he should have "killed [the
complainant's] ass a long time ago." After the complainant finally gave appellant his
car keys, appellant pulled the revolver's trigger, but the revolver did not fire. The
complainant promptly left his house, went to a neighbor's home, and called for
emergency assistance.

 Houston Police Officer W. Reiser testified that when he arrived at the scene,
he saw that the complainant's bedroom door had been kicked in and the doorframe
had been broken. The complainant led Reiser to appellant's bedroom, where Reiser
recovered the revolver used to threaten the complainant in appellant's closet. Appellant testified that when he unlocked the complainant's bedroom door
with his finger, the complainant immediately charged him and shoved him. Appellant
only shoved him back, and he did not use a gun during their fight. Relevancy

 In his sole point of error, appellant argues that the trial court erred in sustaining
the State's "relevancy" objection when his trial counsel asked the complainant if his
deceased mother had "had a gun in the house" because the "origin" of the gun "was
most certainly 'of consequence' in this trial." He asserts that the trial court's error
improperly limited his right to cross-examination in violation of the United States and
Texas Constitutions. (3) 

 Appellant complains of the following exchange between his counsel and the
complainant:

[Appellant's counsel]: Okay. And prior to your mother's death, did
you go and search the house for any other
items that perhaps belonged to your mother
that you were going to get rid of?


[The complainant]: No, ma'am. I haven't gotten rid of anything.


[Appellant's counsel]: Okay. Well, isn't it true that your own mother
had a gun in that house?


[The State]: Objection to relevance.


[The court]: Sustained.


 A trial court has discretion to decide the admissibility of evidence and, absent
an abuse of discretion, its rulings will not be overturned. Moses v. State, 105 S.W.3d
622, 627 (Tex. Crim. App. 2003). To determine whether a trial court has abused its
discretion, we consider "whether the [trial] court acted without reference to guiding
rules and principles; that is, whether the court acted arbitrarily or unreasonably." Fox
v. State, 115 S.W.3d 550, 558 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd). 

 Evidence which is not relevant is inadmissible. Tex. R. Evid. 402. Relevant
evidence is "evidence having any tendency to make the existence of any fact that is
of consequence to the determination of the action more probable or less probable than
it would be without the evidence." Tex. R. Evid. 401.

 Appellant asserts that the State's evidence that he had exclusive access to his
bedroom bolstered "the complainant's accusation that [a]ppellant had threatened the
complainant" with the revolver. He contends that his trial counsel's question raised
the possibility that the revolver was a "family gun," accessible to both the
complainant and appellant, weakening the complainant's assertion that appellant
threatened him with the revolver.

 However, whether the complainant's mother had in fact owned a gun has no
bearing on who in fact had access to the gun in question. Moreover, it does not
logically follow that if the complainant's mother "had a gun in the house" that it is
somehow less likely that appellant assaulted the complainant with a gun. In deciding
whether evidence is relevant, the pertinent question to ask is "'would a reasonable
person, with some experience in the real world believe that the particular piece of
evidence is helpful in determining the truth or falsity of any fact that is of
consequence to the lawsuit.'" Montgomery v. State, 810 S.W.2d 372, 376 (Tex. Crim.
App. 1990) (quoting United States v. Brashier, 548 F.2d 1315, 1325 (9th Cir. 1976)). 
Here, the proffered evidence would not have been helpful in making such a
determination.

 Accordingly, we hold that the trial court did not abuse its discretion in
sustaining the State's objection to the question of appellant's trial counsel to the
complainant as to whether his mother had previously "had a gun in the house." We
further hold that the trial court did not improperly limit appellant's cross-examination
of the complainant in violation of the United States Constitution. 

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court. 

 

 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2007).
2. Priscilla Richard testified as well that appellant kicked down the door and entered the
room with a revolver.
3. See U.S. Const. amend. VI; Tex. Const. art. I, § 10. Because appellant has not
argued that the protections in the Texas Constitution exceed or differ from the
protections of the United States Constitution, we only address appellant's arguments
under the United States Constitution. See Arnold v. State, 873 S.W.2d 27, 33 (Tex.
Crim. App. 1993).