Affirmed and Memorandum Opinion filed August 26, 2008








Affirmed and Memorandum Opinion filed August 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00033-CR

____________

 

JAMES MALONE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 45,743

 



 

M E M O R A N D U M  O P I N I O N  O N  R E M A N D 








James Malone appeals his conviction for possession of a
controlled substance with intent to deliver on grounds that (1) the evidence is
legally insufficient to support his conviction; and (2) the trial court
erroneously admitted a tape recording into evidence.  A jury found appellant
guilty and sentenced him to 25 years in prison.  This Court sustained appellant=s first issue,
reversed the judgment, and rendered a judgment of acquittal. Malone v. State,
No. 14-05-00033-CR, 2006 WL 2164724 (Tex. App._Houston [14th
Dist.] August 3, 2006, pet. granted) (op., not designated for publication). 
Appellant=s first issue asserted that the evidence supporting
his conviction was legally insufficient because the State failed to identify a
voice on an audio recording made during the commission of the offense as that
of appellant.  Consequently, appellant argued, there was insufficient evidence
to link appellant to the alleged offense.  The Court of Criminal Appeals held
that testimony from a covert‑agent witness regarding his controlled drug
buy from appellant was adequately corroborated by other evidence that tended to
connect appellant to the crime beyond appellant=s mere presence.  Malone
v. State, 253 S.W.3d 253, 258-59 (Tex. Crim. App. 2008).  As directed by
the Court of Criminal Appeals, we now address appellant=s remaining issue
concerning the admission of a tape recording into evidence.

Background

Jay Grimes, a narcotics investigator with the Clute Police
Department, used two informants, Jason Harris and Christopher Olachia, to make
a controlled buy of crack cocaine from appellant. Investigator Grimes gave
Harris and Olachia $1,000 cash and a tape recorder to capture the transaction.
He thoroughly searched Harris and Olachia and their car to ensure the validity
of the transaction, and instructed Harris and Olachia not to communicate with
anyone other than appellant. After this, Investigator Grimes followed Harris
and Olachia to appellant=s house in an unmarked patrol car watching
them the entire way.

Investigator Grimes parked his unmarked police car next to
appellant=s house so that he could watch Harris and Olachia. 
Appellant was outside his house helping a woman maneuver her car out of his
muddy driveway. With Investigator Grimes watching, Harris and Olachia joined
appellant as he continued to help the woman free her car from the mud. When the
woman=s car was freed,
Harris and Olachia followed appellant inside the house. Olachia testified at
trial that an unknown man entered and left the house while they were there.
Olachia further testified that appellant prepared crack cocaine while they
waited. After waiting for approximately 80 minutes, Harris and Olachia
purchased $1,000 worth of crack cocaine and returned in their car to the police
department followed by Investigator Grimes.








Once at the police station, Investigator Grimes searched
Harris and Olachia and their car. The search revealed that Harris and Olachia
no longer had the $1,000, and that they had several Acookies@ of crack.
Investigator Grimes collected the crack they had purchased and retrieved the
tape recording of the transaction.

At trial, the State played Olachia=s recording of the
drug transaction for the jury with intermittent stops to allow Olachia to
describe what was taking place and identify voices on the tape. The State
offered Investigator Grimes=s testimony to corroborate the events
described by Olachia on the recording.

Analysis

The sole remaining issue on remand focuses on the
admissibility of the tape recording. Appellant argues that the trial court
erred in admitting the recording because the tape recorder Astopped working
for 10 to 15 minutes,@ thereby rendering the recording Aunreliable and
untrustworthy.@  We review a trial court=s ruling on the admission of evidence for abuse of
discretion.  Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App.
2003).  A trial court abuses its discretion in the admission of evidence at
trial when its action is arbitrary or unreasonable.  See Montgomery v. 
State, 810 S.W.3d 372, 391 (Tex.  Crim.  App.  1990) (en banc).  Reversal
is not warranted when the trial court=s decision falls within the zone of
reasonable disagreement.  See Moses, 105 S.W.3d at 627. 

The
authentication requirement for admissibility Ais satisfied by evidence sufficient
to support a finding that the matter in question is what its proponent claims.@ Tex. R.  Evid. 901(a);  Angleton
v. State, 971 S.W.2d 65, 67 (Tex.  Crim.  App.  1998) (en banc).  Rule
901(b) provides a non-exclusive list of methods for authenticating evidence.  See
Tex.  R.  Evid.  901(b).  One of these methods allows for authentication by
the testimony of a witness with knowledge that a matter is what it is claimed
to be.  See Tex.  R.  Evid.  901(b)(1).  








Here,
the State offered the audio tape as an accurate recording of the conversations
and activities between appellant, Harris and Olachia.  Olachia testified that
he operated the tape recorder to create the recording; that he had listened to
the tape; and that the tape fairly and accurately depicted his conversations with
appellant on September 22, 2003.  Taken on voir dire by appellant=s counsel, Olachia testifed that at
some point during the meeting with appellant, the tape recorder stopped
recording.  Olachia said that when he was in the restroom, he discovered that
the recorder had turned itself off.  Olachia related that he turned the
recorder back on, and rejoined appellant and Harris in the other room. 

Appellant
argues that this break in the recorded conversation renders the recording Aunreliable and untrustworthy.@ We reject this contention because
intermittent gaps do not necessarily render a recording inadmissible when the
record demonstrates reliability.  

This
point is illustrated by Barfield v. State, No. 01-86-00932-CR, 1988 WL
7753 (Tex. App._Houston [1st Dist.] February 4, 1988, no pet.), in which the First Court
of Appeals affirmed the trial court=s admission of a video tape recording
of a prison inmate=s murder of another inmate.  At trial and again on appeal,
the inmate objected to the admission of the tape as Aunreliable and untrustworthy@ because there were Anumerous unexplained gaps on the
recording.@ Id.  at *4.  Before the admission of the videotape, the
proffering witness (a corrections officer) testified that he was operating the
camera in the prison that day. Id.  He further testified that it was his
customary practice to occasionally turn off the camera for Amaybe a minute or so@ and that this explained the gaps on
the tape.  Id.  Finally, the witness said that he turned on the camera,
directing it towards the attack, after hearing a disturbance.  Id.  No
further gaps occurred in the recording after that.  Id.  The First Court
of Appeals held that the officer=s testimony sufficiently established
that the recording was what it claimed to be, and that gaps in the recording
did not defeat its authenticity. Id.  








The
circumstances here parallel Barfield. Olachia=s testimony established the technique
for and circumstances surrounding the proffered recording, and established reliability
so as to justify admission of the tape.  Olachia established that the recording
is what it claims to be, resulting in a proper authentication.  See Angleton
v. State, 971 S.W.2d at 68-69 (audio tape was properly admitted having
satisfied authentication requirements of Rule 901).  In light of this
testimony, appellant has not established that the presence of a gap, standing
alone, destroys authentication or precludes admission of the tape into evidence
at trial. Appellant=s second issue is overruled.

Conclusion

We affirm the trial court=s judgment.

 

 

 

 

/s/      William J. Boyce

Justice

 

 

Judgment rendered
and Memorandum Opinion filed August 26, 2008.

Panel consists of
Justices Fowler, Guzman and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).