NO. 12-08-00333-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES EARL WILLIAMS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 A jury convicted Appellant, James Earl Williams, of the third degree felony offense of
driving while intoxicated and assessed his punishment at imprisonment for ten years and a $10,000
fine. In his first issue, Appellant complains "the trial court erred in allowing the unredacted
videotape of a traffic stop to be admitted in evidence." In his second issue, Appellant contends the
trial court erred in allowing the arresting officer to testify that performance on field sobriety tests
could be correlated to a specific blood alcohol concentration. We affirm.


Background


 On October 12, 2007, Trooper Jonathan Peters of the Texas Highway Patrol stopped a vehicle
in the westbound lane of Interstate 20 for traveling 86 miles per hour in a 65 miles per hour zone. 
He identified Appellant as the driver of the vehicle. The stop was recorded on the camera recording
system of the trooper's patrol car. When Appellant produced his driver's license and insurance
information, Trooper Peters detected what he characterized as a strong odor of alcohol. Trooper
Peters then administered field sobriety tests to Appellant, including the horizontal gaze nystagmus
test, the walk and turn test, and the one leg stand test. Based on Appellant's performance on these
tests, Peters concluded that Appellant was intoxicated and arrested him for driving while intoxicated.

 

Video of Traffic Stop


 In his first issue, Appellant complains the trial court erred in allowing an unredacted
videotape of the traffic stop to be admitted into evidence. Appellant argues that the unredacted
videotape contains the officer's observations of Appellant's condition and constitutes a violation of
the hearsay rule. 

 A trial court's decision regarding the admission of evidence is reviewed for abuse of
discretion. Resendiz v. State, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003). A trial court's ruling
should be affirmed if it is within the zone of reasonable disagreement. Moses v. State, 105 S.W.3d
622, 627 (Tex. Crim. App. 2003).

 In his brief, Appellant does not identify the specific portions of the videotape he claims to
be objectionable, but asserts only that "the trooper narrated his way through the videotape." 
However, even if he had complained in his brief about specific portions of the videotape, Appellant
did not object when the trial court admitted the videotape into evidence.

 In order to preserve a complaint for review, a party must have presented to the trial court a
timely objection, request, or motion stating specific grounds for the ruling sought, unless the specific
grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A); Mosley v. State, 983 S.W.2d
249, 265 (Tex. Crim. App. 1998). Appellant failed to preserve error, if any, in the admission of the
videotape by failing to object to its admission at trial. Therefore, we have nothing to review. 
Appellant's first issue is overruled.


Correlation of Performance of Field Sobriety Tests to Blood Alcohol Levels


 In his second issue, Appellant contends the trial court erred in allowing Trooper Peters to
testify that performance on field sobriety tests could be correlated to specific blood alcohol levels. 
Again, Appellant failed to object to admission of this testimony at trial. See Tex. R. App. P.
33.1(a)(1)(A). Therefore, we have nothing to review. Appellant's second issue is overruled.

Disposition


 The judgment of the trial court is affirmed.




 BILL BASS 

 Justice



Opinion delivered August 19, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals,

Tyler, sitting by assignment.



























(DO NOT PUBLISH)