

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-016-CR**

ALAN SMITH                                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

------------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Alan Smith of possession of a controlled substance, hydrocodone, and assessed his punishment at seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $7,000, probating both the incarceration and the fine. The trial court sentenced him accordingly.

---

[1] *See* Tex. R. App. P. 47.4.

In three points, Appellant argues that the trial court improperly admitted evidence of an extraneous offense in violation of *Blakely v. Washington*[2] and challenges the legal and factual sufficiency of the evidence. Because we hold that the evidence is both legally and factually sufficient and because the trial court did not err, we affirm the trial court's judgment.

On November 14, 2006, at approximately 11:30 a.m., Officer Orozco and Officer Stegall stopped a vehicle that had run a stop sign and had made an improper turn. Officer Stegall spoke with the driver of the car, Appellant, while Officer Orozco looked through the windows and noticed a crack pipe on the back dash of the car near the speakers. The officers searched the car and discovered wire paraphernalia of the type used with a crack pipe and a pill bottle with no label under Appellant's seat. The pill bottle contained 46 tablets of dihydrocodeinone, also known as hydrocodone, Lortab, and Lorcet. No latent fingerprints of evidentiary value were found on the pill bottle.

Officer Orozco testified that he asked Appellant if he had a prescription and that Appellant replied that the pills belonged to his wife. Appellant offered to have his wife bring the prescription to the scene, but Officer Orozco was never provided with a copy of her prescription. Appellant was arrested for

---

[2] 542 U.S. 296, 124 S. Ct. 2531 (2004).

possession of hydrocodone.  At trial, Appellant's wife testified that the hydrocodone pills found in the car did not belong to her.

Appellant's defense at trial was that although he was the sole occupant of the car, he was driving a vehicle that his wife often drove.  Appellant said that the hydrocodone belonged to his wife.  He alternatively suggested that another man, Coyle Goodall, had dropped the hydrocodone under the seat.  The State offered evidence of Appellant's subsequent possession of hydrocodone to rebut this defense.

Approximately three months after the offense for which Appellant was tried in the case now before this court, he was again pulled over for a traffic violation, and a drug-sniffing dog discovered hydrocodone tablets in a cigarette pack inside a bag owned by Appellant.  In the jury charge on guilt, the trial court provided,

> You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses, other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed.  Even if you find and believe beyond a reasonable doubt that the defendant committed such other offenses, then you may only consider the same in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

3

In his first point, Appellant argues that the trial court erred in admitting evidence of the extraneous offense because *Blakely* requires that a jury make determinations of fact when a defendant requests a jury trial. He argues that because no jury had ever found him guilty of the extraneous offense, it was improper to submit it to the jury in the case now before this court. Appellant misunderstands the holding in *Blakely*, which simply requires that determinations of fact be made by a jury in a jury trial and that a trial judge not usurp the province of a jury in making determinations of fact.[3]

Evidence of other wrongful acts is admissible to defeat a defense offered by a defendant at trial.[4] As the State points out, although evidence of wrongful acts is generally not admissible to prove the character of the accused or to establish that he acted in accordance with that character, extraneous offenses may be admissible to show motive, opportunity, intent, or absence of mistake or accident.[5] Appellant argued below that he was unaware that the hydrocodone was in the car and that it belonged either to his wife or to Goodall. The trial court properly admitted evidence to defeat that defense, the

---

[3] *Id.* at 303, 124 S. Ct. at 2537.

[4] *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008); *Moses v. State*, 105 S.W.3d 622, 626 & n.4 (Tex. Crim. App. 2003).

[5] Tex. R. Evid. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1990) (op. on reh'g).

4

evidence was probative under rule 404 of the rules of evidence, the probative value was not substantially outweighed by the danger of unfair prejudice, and therefore the evidence was not subject to exclusion under rule 403.[6]

Additionally, we note that the jury charge contains a proper reasonable doubt instruction; that is, the jury was asked to determine Appellant's guilt of the extraneous offense beyond a reasonable doubt and instructed not to consider the evidence of the extraneous offense unless they found him guilty of that offense beyond a reasonable doubt. We overrule Appellant's first point.

In his second point, Appellant argues that the evidence is legally insufficient to support the verdict, relying on the absence of evidence that he physically possessed the drugs, including the absence of fingerprint evidence tying him to the drugs. As the Texas Court of Criminal Appeals has held,

> When deciding whether evidence is sufficient to support a conviction, a reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with

---

[6] *See* Tex. R. Evid. 403, 404.

the drug was more than just fortuitous. This is the whole of the so-called 'affirmative links' rule."[7]

Appellant was the driver and sole occupant of the vehicle at the time of his arrest. The hydrocodone was discovered under the driver's seat, where he had been sitting. His offer to the police officer to get his wife to bring a copy of "her prescription" shows that he knew the pills in the bottle were prescription drugs. The absence of the prescription from evidence at trial, Appellant's wife's testimony that the hydrocodone found in the vehicle was not hers, the subsequent arrest of Appellant for again possessing hydrocodone, and his proximity to the drugs at the time of their discovery establish that he exercised care, custody, and control over the drugs. Consequently, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant exercised care, custody, control, and management over the pills and that he knew the pills were contraband.[8] Therefore, we hold that the evidence is legally sufficient to support his conviction. We overrule Appellant's second point.

---

[7] *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005) (citations omitted).

[8] *See id.*

In his third point, Appellant contends that the evidence is factually insufficient to support the verdict. Appellant relies on the evidence that he was not found in physical possession of the hydrocodone and that his fingerprints were not on the bottle. But viewing all the evidence presented to the jury in a neutral light, favoring neither party,[9] we hold that the evidence is factually sufficient to support the verdict. We overrule Appellant's third point.

Having overruled Appellant's three points, we affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 5, 2009

---

[9] *See Neal v. State,* 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).