COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-016-CR

 

 

ALAN
SMITH                                                                      APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant Alan Smith of
possession of a controlled substance, hydrocodone, and assessed his punishment
at seven years= confinement in the
Institutional Division of the Texas Department of Criminal Justice and a fine
of $7,000, probating both the incarceration and the fine.  The trial court sentenced him accordingly.








In three points, Appellant argues that the trial
court improperly admitted evidence of an extraneous offense in violation of Blakely
v. Washington[2]
and challenges the legal and factual sufficiency of the evidence.  Because we hold that the evidence is both
legally and factually sufficient and because the trial court did not err, we
affirm the trial court=s judgment.  

On November 14, 2006, at approximately 11:30
a.m., Officer Orozco and Officer Stegall stopped a vehicle that had run a stop
sign and had made an improper turn. 
Officer Stegall spoke with the driver of the car, Appellant, while
Officer Orozco looked through the windows and noticed a crack pipe on the back
dash of the car near the speakers.  The
officers searched the car and discovered wire paraphernalia of the type used
with a crack pipe and a pill bottle with no label under Appellant=s
seat.  The pill bottle contained 46
tablets of dihydrocodeinone, also known as hydrocodone, Lortab, and
Lorcet.  No latent fingerprints of
evidentiary value were found on the pill bottle.








Officer Orozco testified that he asked Appellant
if he had a prescription and that Appellant replied that the pills belonged to
his wife.  Appellant offered to have his
wife bring the prescription to the scene, but Officer Orozco was never provided
with a copy of her prescription. 
Appellant was arrested for possession of hydrocodone.  At trial, Appellant=s wife
testified that the hydrocodone pills found in the car did not belong to her.

Appellant=s
defense at trial was that although he was the sole occupant of the car, he was
driving a vehicle that his wife often drove. 
Appellant said that the hydrocodone belonged to his wife.  He alternatively suggested that another man,
Coyle Goodall, had dropped the hydrocodone under the seat.  The State offered evidence of Appellant=s
subsequent possession of hydrocodone to rebut this defense.  

Approximately three months after the offense for
which Appellant was tried in the case now before this court, he was again
pulled over for a traffic violation, and a drug-sniffing dog discovered
hydrocodone tablets in a cigarette pack inside a bag owned by Appellant.  In the jury charge on guilt, the trial court
provided,

You are instructed that if there is any testimony before you in this
case regarding the defendant having committed offenses, other than the offense
alleged against him in the indictment in this case, you cannot consider said
testimony for any purpose unless you find and believe beyond a reasonable doubt
that the defendant committed such other offenses, if any were committed.  Even if you find and believe beyond a
reasonable doubt that the defendant committed such other offenses, then you may
only consider the same in determining the motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident of the
defendant, if any, in connection with the offense, if any, alleged against him
in the indictment in this case, and for no other purpose.

 








In his first point, Appellant argues that the
trial court erred in admitting evidence of the extraneous offense because Blakely
requires that a jury make determinations of fact when a defendant requests a
jury trial.  He argues that because no
jury had ever found him guilty of the extraneous offense, it was improper to
submit it to the jury in the case now before this court.  Appellant misunderstands the holding in Blakely,
which simply requires that determinations of fact be made by a jury in a jury
trial and that a trial judge not usurp the province of a jury in making
determinations of fact.[3]








Evidence of other wrongful acts is admissible to
defeat a defense offered by a defendant at trial.[4]  As the State points out, although evidence of
wrongful acts is generally not admissible to prove the character of the accused
or to establish that he acted in accordance with that character, extraneous
offenses may be admissible to show motive, opportunity, intent, or absence of
mistake or accident.[5]  Appellant argued below that he was unaware
that the hydrocodone was in the car and that it belonged either to his wife or
to Goodall.  The trial court properly
admitted evidence to defeat that defense, the evidence was probative under rule
404 of the rules of evidence, the probative value was not substantially
outweighed by the danger of unfair prejudice, and therefore the evidence was
not subject to exclusion under rule  403.[6]

Additionally, we note that the jury charge contains
a proper reasonable doubt instruction; that is, the jury was asked to determine
Appellant=s guilt of the extraneous
offense beyond a reasonable doubt and instructed not to consider the evidence
of the extraneous offense unless they found him guilty of that offense beyond a
reasonable doubt.  We overrule Appellant=s first
point.

In his second point, Appellant argues that the
evidence is legally insufficient to support the verdict, relying on the absence
of evidence that he physically possessed the drugs, including the absence of
fingerprint evidence tying him to the drugs. 
As the Texas Court of Criminal Appeals has held,








When deciding whether
evidence is sufficient to support a conviction, a reviewing court must assess
all the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could find the essential elements of the
crime beyond a reasonable doubt.  To
prove unlawful possession of a controlled substance, the State must prove that:
(1) the accused exercised control, management, or care over the substance; and
(2) the accused knew the matter possessed was contraband.  Whether this evidence is direct or
circumstantial, Ait must establish, to the
requisite level of confidence, that the accused=s connection with the
drug was more than just fortuitous. This is the whole of the so‑called >affirmative links= rule.@[7]

 

Appellant was the driver and sole occupant of the
vehicle at the time of his arrest. The hydrocodone was discovered under the
driver=s seat,
where he had been sitting.  His offer to
the police officer to get his wife to bring a copy of Aher
prescription@ shows that he knew the pills in
the bottle were prescription drugs.  The
absence of the prescription from evidence at trial, Appellant=s wife=s
testimony that the hydrocodone found in the vehicle was not hers, the
subsequent arrest of Appellant for again possessing hydrocodone, and his
proximity to the drugs at the time of their discovery establish that he
exercised care, custody, and control over the drugs.  Consequently, we conclude that a rational
trier of fact could have found beyond a reasonable doubt that Appellant
exercised care, custody, control, and management over the pills and that he
knew the pills were contraband.[8]  Therefore, we hold that the evidence is
legally sufficient to support his conviction. 
We overrule Appellant=s second
point.








In his third point, Appellant contends that the
evidence is factually insufficient to support the verdict.  Appellant relies on the evidence that he was
not found in physical possession of the hydrocodone and that his fingerprints
were not on the bottle.  But viewing all
the evidence presented to the jury in a neutral light, favoring neither party,[9]
we hold that the evidence is factually sufficient to support the verdict.  We overrule Appellant=s third
point.

Having overruled Appellant=s three
points, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]542 U.S. 296, 124 S. Ct.
2531 (2004).





[3]Id. at 303, 124 S. Ct. at
2537.





[4]Bass v. State, 270 S.W.3d 557, 563
(Tex. Crim. App. 2008); Moses v. State, 105 S.W.3d 622, 626 & n.4
(Tex. Crim. App. 2003). 





[5]Tex. R. Evid. 404(b); Montgomery
v. State, 810 S.W.2d 372, 377 (Tex. Crim. App. 1990) (op. on reh'g).





[6]See Tex. R. Evid. 403, 404.





[7]Poindexter v. State, 153 S.W.3d 402, 405B06 (Tex. Crim. App. 2005)
(citations omitted).





[8]See id.





[9]See Neal v. State, 256 S.W.3d 264, 275 (Tex.
Crim. App. 2008); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).