# NO. 12-08-00333-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES EARL WILLIAMS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant, James Earl Williams, of the third degree felony offense of driving while intoxicated and assessed his punishment at imprisonment for ten years and a $10,000 fine. In his first issue, Appellant complains "the trial court erred in allowing the unredacted videotape of a traffic stop to be admitted in evidence." In his second issue, Appellant contends the trial court erred in allowing the arresting officer to testify that performance on field sobriety tests could be correlated to a specific blood alcohol concentration. We affirm.

## BACKGROUND

On October 12, 2007, Trooper Jonathan Peters of the Texas Highway Patrol stopped a vehicle in the westbound lane of Interstate 20 for traveling 86 miles per hour in a 65 miles per hour zone. He identified Appellant as the driver of the vehicle. The stop was recorded on the camera recording system of the trooper's patrol car. When Appellant produced his driver's license and insurance information, Trooper Peters detected what he characterized as a strong odor of alcohol. Trooper Peters then administered field sobriety tests to Appellant, including the horizontal gaze nystagmus

test, the walk and turn test, and the one leg stand test.  Based on Appellant's performance on these tests, Peters concluded that Appellant was intoxicated and arrested him for driving while intoxicated.

## VIDEO OF TRAFFIC STOP

In his first issue, Appellant complains the trial court erred in allowing an unredacted videotape of the traffic stop to be admitted into evidence.  Appellant argues that the unredacted videotape contains the officer's observations of Appellant's condition and constitutes a violation of the hearsay rule.

A trial court's decision regarding the admission of evidence is reviewed for abuse of discretion.  *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).  A trial court's ruling should be affirmed if it is within the zone of reasonable disagreement*.  Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

In his brief, Appellant does not identify the specific portions of the videotape he claims to be objectionable, but asserts only that "the trooper narrated his way through the videotape." However, even if he had complained in his brief about specific portions of the videotape, Appellant did not object when the trial court admitted the videotape into evidence.

In order to preserve a complaint for review, a party must have presented to the trial court a timely objection, request, or motion stating specific grounds for the ruling sought, unless the specific grounds were apparent from the context.  TEX. R. APP. P. 33.1(a)(1)(A); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998).  Appellant failed to preserve error, if any, in the admission of the videotape by failing to object to its admission at trial.  Therefore, we have nothing to review. Appellant's first issue is overruled.

## CORRELATION OF PERFORMANCE OF FIELD SOBRIETY TESTS TO BLOOD ALCOHOL LEVELS

In his second issue, Appellant contends the trial court erred in allowing Trooper Peters to testify that performance on field sobriety tests could be correlated to specific blood alcohol levels. Again, Appellant failed to object to admission of this testimony at trial.  *See* TEX. R. APP. P. 33.1(a)(1)(A).  Therefore, we have nothing to review.  Appellant's second issue is overruled.

2

**DISPOSITION**

The judgment of the trial court is *affirmed*.

    BILL BASS    
Justice

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)

3