Opinion filed October 15, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 15,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00193-CR 

                                                     __________

 

                             LEMMUEL
NIVEK HATCHER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee

 

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16292B

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted appellant, Lemmuel Nivek Hatcher, of possession of cocaine with
the intent to deliver in a drug free zone.  The trial court assessed his punishment
at confinement in the Institutional Division of the Texas Department of
Criminal Justice for a term of thirty years.  Appellant challenges his
conviction in four issues.  We affirm.

                                                               Background
Facts








Officer
Tommy Pope of the Narcotics Division of the Abilene Police Department testified
that he obtained a search warrant to search for cocaine at the residence
located at 3749 Laurel in Abilene.  Upon executing the search warrant, officers
encountered appellant and one of his roommates, Antonio Fuentes, at the
residence.  The officers initially discovered a set of electronic scales and
some prescription medication in an unmarked bottle located inside a shoe box.  Agent
Susan Belver subsequently found a plastic bag containing sixteen grams of
cocaine.  She found the cocaine in a newspaper that was wrapped up and enclosed
within a plastic sleeve that is often used to protect a newspaper from getting
wet when it is raining.

Officer
Pope testified that the sixteen grams of cocaine found by Agent Belver was more
than a typical drug user would normally possess.  He stated that a single dose
of cocaine would either be a quarter or a fifth of a gram.  Officer Pope
further testified that the form of cocaine that Agent Belver found could be
used to make crack cocaine, thereby doubling its quantity.

The
State called appellant=s
third roommate, Brandi Hyke, as a witness.  Hyke testified that she observed
appellant and Fuentes engaging in drug transactions both before she lived with
them and afterwards.  She observed people coming to their house to purchase
drugs.  She also observed appellant and Fuentes weighing drugs and placing
drugs into bags.  Hyke testified that appellant and Fuentes participated
together in drug transactions.  She described the transactions in the following
manner: A[a] person --
any male or female would come to the house and want cocaine.  They would get it
from wherever they hid it from, weigh it on a scale and bag it in a plastic
bag, hand it to them and receive money.@ 
Hyke testified that a rolled-up newspaper was appellant=s and Fuentes=s
favorite hiding place for their cocaine and that she had personally observed
appellant removing cocaine from a rolled-up newspaper for drug transactions. 
She estimated that she observed appellant and Fuentes engage in approximately
100 drug transactions.  Hyke also delivered drugs to customers for appellant
and Fuentes on a few occasions.

                                                            Analysis

Appellant
asserts in his first issue that the trial court erred in denying his motion for
continuance.  The granting or denying of a motion for continuance is within the
sound discretion of the trial court.  Heiselbetz v. State, 906 S.W.2d
500, 511 (Tex. Crim. App. 1995); see Tex.
Code Crim. Proc. Ann. arts. 29.03, 29.06(6) (Vernon 2006).  A defendant
must show specific prejudice to his defense to establish that the trial court
abused its discretion in refusing to grant a continuance. Heiselbetz,
906 S.W.2d at 511.








Appellant=s counsel presented a
handwritten motion to the trial court on the morning that trial was scheduled
to begin B March 24,
2008 B seeking a
continuance because he was not ready for trial.  He advised the court that he
had not prepared to try the case because he believed that appellant would
accept the State=s
plea offer.  In this regard, appellant=s
counsel advised the trial court that the State had made a Agood@ plea offer and that he was afraid that the
State would withdraw the offer if he requested discovery or talked to appellant=s codefendants.  In denying
the motion for continuance, the trial court noted that the case had been
pending for over a year and had been set for trial on numerous occasions.  The
trial court additionally noted that the parties were notified of the current
setting of March 24, 2008, on December 18, 2007, and that the parties were
notified after a docket call on March 5, 2008, that the case was set A#1 on the jury trial docket
for Monday, March 24, 2008.@

The
trial court proceeded with jury selection after overruling the motion for
continuance.  The trial court proceedings concluded for the day on March 24,
2008, after the jury was selected.  When trial resumed on March 25, 2008, the
trial court began the proceedings with a discussion with appellant=s counsel and the
prosecutor regarding the State=s
disclosure of information pertaining to the case after the denial of the motion
for continuance.  Appellant=s
counsel advised the trial court that the prosecutor had Acomplied with the standard discovery order.@  After asking the
prosecutor about the information that had been disclosed to appellant=s counsel, the trial court
determined that the State Ahas
either complied with the [trial court=s]
standard discovery order or will comply with the standard discovery order.@

Appellant
contends that he was prejudiced by the denial of the motion for continuance
because his attorney did not have more time to prepare for trial.  We would
first note that appellant=s
counsel had ample time to prepare for trial.  In this regard, counsel made the
affirmative decision not to prepare for trial even though he had notice of the
trial setting for more than three months and had at least two weeks notice that
the case was at the top of the trial court=s
jury docket.  Regardless of counsel=s
reasons for not preparing for trial, appellant does not establish any specific
prejudice to his defense arising from the trial court=s denial of the motion for continuance. 
Absent a showing of prejudice, we cannot hold that the trial court abused its
discretion in overruling appellant=s
motion for continuance.  Appellant=s
first issue is overruled.








Appellant
asserts in his second issue that the trial court erred in denying his request
for a limiting instruction pertaining to Hyke=s
testimony about extraneous offenses.  Specifically, he asserts that the trial
court denied his request to instruct the jury that the extraneous offenses must
be proven beyond a reasonable doubt.  Appellant=s
complaint on appeal is not consistent with the instruction that he requested at
trial.  Appellant requested the trial court to instruct the jury that evidence
offered during the guilt/innocence phase pertaining to a prior conviction could
not be considered for any purpose.  In order to preserve error for review on
appeal, Tex. R. App. P. 33.1(a) requires
that an appellant make the complaint to the trial court by a timely request,
objection, or motion that specifically stated the grounds for the ruling sought
and that the trial court ruled on the request, objection, or motion, either
expressly or implicitly or refused to rule.  Accordingly, appellant did not
preserve error on the complaint that he presents on appeal.  Furthermore,
contrary to appellant=s
complaint on appeal, the court=s
charge instructed the jury to disregard the evidence of extraneous acts unless
it determined beyond a reasonable doubt that appellant committed the acts. 
Appellant=s second
issue is overruled.








In
his third issue, appellant contends that the trial court erred in admitting
Hyke=s testimony under
Tex. R. Evid. 404(b).  Rule
404(b) provides that evidence of other crimes, wrongs, or acts is not admissible
Ato prove the
character of a person in order to show action in conformity therewith.@ However, it may Abe admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident.@ The exceptions listed under Rule 404(b) are
neither mutually exclusive nor collectively exhaustive.  Pondexter v. State,
942 S.W.2d 577, 583‑84 (Tex. Crim. App. 1996); Montgomery v. State,
810 S.W.2d 372, 387 (Tex. Crim. App. 1991).  A[I]f
evidence (1) is introduced for a purpose other than character conformity, (2)
has relevance to a >fact
of consequence= in the
case and (3) remains free of any other constitutional or statutory
prohibitions, it is admissible.@ 
Rankin v. State, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996).  AWhether extraneous offense
evidence has relevance apart from character conformity, as required by Rule
404(b), is a question for the trial court.@
Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  A trial
court=s ruling on the
admissibility of extraneous offenses is reviewed under an abuse‑of‑discretion
standard.  Prible v. State, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). 
As long as the trial court=s
ruling is within the Azone
of reasonable disagreement,@
there is no abuse of discretion, and the trial court=s ruling will be upheld.  Montgomery,
810 S.W.2d at 391.

The
trial court conducted a hearing outside the presence of the jury to determine
the admissibility of Hyke=s
testimony.  The State argued that the evidence was admissible under
Rule 404(b) to show intent, motive, opportunity, and lack of mistake.  The
trial court agreed with the applicability of the exceptions given by the State
in overruling appellant=s
Rule 404(b) objection.  We conclude that the trial court did not abuse its discretion
in admitting Hyke=s
testimony.  Her testimony helped to affirmatively link appellant to the cocaine
found in an obscure location of a home occupied by multiple individuals.  Hyke=s testimony also helped to
establish that appellant possessed the cocaine with the intent to deliver. 
Appellant=s third
issue is overruled.

In
his fourth issue, appellant contends that the trial court erred in overruling
his objection under Tex. R. Evid. 403
to Hyke=s testimony. 
Rule 403 states that otherwise relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury or by considerations of undue
delay or needless presentation of cumulative evidence.  There are four factors
that should be considered in a Rule 403 balancing test:

(1)
how compellingly the extraneous offense evidence serves to make a fact of
consequence more or less probable B
a factor which is related to the strength of the evidence presented by the
proponent to show the defendant in fact committed the extraneous offense; 

 

(2)
the potential the other offense evidence has to impress the jury Ain some irrational but
nevertheless indelible way@;


 

(3)
the time the proponent will need to develop the evidence, during which the jury
will be distracted from consideration of the indicted offense; and 

 

(4)
the force of the proponent=s
need for this evidence to prove a fact of consequence, i.e., does the proponent
have other probative evidence available to him to help establish this fact, and
is this fact related to an issue in dispute. 

 








Santellan v.
State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).  There is a presumption
under Rule 403 that the probative value of the challenged evidence
outweighs its prejudicial effect.  Montgomery, 810 S.W.2d at 388.  ARule 403 requires exclusion
of evidence only when there exists a clear disparity between the degree of
prejudice of the offered evidence and its probative value.@  Conner v. State,
67 S.W.3d 192, 202 (Tex. Crim. App. 2001).  A trial court=s ruling under Rule 403 is
also reviewed under an abuse‑of‑discretion standard.  Santellan,
939 S.W.2d at 169.  

Looking
at probative value, Hyke=s
testimony about appellant=s
participation in other drug transactions makes it more probable that appellant
knowingly possessed the cocaine found by Agent Belver with the intent to
deliver.  While the quantity of the cocaine found suggested that it was
possessed with the intent to deliver, Hyke=s
testimony added an additional element of proof by serving  to connect appellant
to the cocaine found by Agent Belver.  While Hyke=s
testimony was prejudicial to appellant, we conclude that the trial court did
not abuse its discretion by determining that its probative value was not
substantially outweighed by the danger of unfair prejudice.  Appellant=s fourth issue is
overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

October15, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.