**Opinion filed January 21, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00382-CR

_____

## ISABEL ESPINOZA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 06-6494**

### M E M O R A N D U M   O P I N I O N

The jury convicted Isabel Espinoza of the aggravated sexual assault of his eleven-year-old step-grandson and assessed his punishment at confinement for forty years.[1]  We affirm.

There is no challenge to the sufficiency of the evidence.  The victim testified that, when he was in the fifth grade, appellant would touch him "in areas that [he didn't] like to be touched."  Appellant would touch both the victim's penis and his "butt."  When the victim was awake, he

_____

[1]In the same trial, appellant was also convicted of the sexual assault of his granddaughter.  That conviction is also affirmed this same day in Cause No. 11-07-00381-CR.

would try to move away. Sometimes when the victim was asleep, appellant would start "doing stuff" to him. Appellant would put his finger "[s]lightly" into the victim's anus or grab the victim's penis, move it toward appellant, and move his hand in a back and forth motion. On Halloween, appellant placed his penis "[s]lightly" inside the victim's anus. The victim also testified that appellant would show his penis to the victim and make the victim "feel around it" with the victim's hand.

In his sole issue on appeal, appellant contends that the trial court erred in admitting the testimony of his nephew (one of the State's rebuttal witnesses) that appellant had sexually assaulted him. Appellant argues that evidence of this extraneous offense was not relevant to the present case and was too remote and that the issues of his identity and intent were not in issue. Because appellant testified that he never sexually assaulted the victim and because his defense at trial was that the victim had a motive to fabricate the assault based on the victim's dislike of appellant's son (the victim's stepfather), appellant argues that the trial court abused its discretion in admitting the testimony.

Appellant testified in his own behalf and after having been fully admonished as to the consequences. Appellant denied sexually assaulting not only the victim but also his granddaughter. Appellant testified that he "used to drink a lot" and that he had a "few" DWIs from when he was younger. Appellant further stated that, at least to his knowledge, he did not think he had been convicted of a felony. He explained that he had turned himself in because he had heard that a policeman was looking for him.

On cross-examination, the State questioned appellant about his prior DWIs and asked him if he remembered "smacking around Joe Salas with a lug wrench, wounding him." When appellant stated that he did not know Joe, the State showed appellant a copy of the 1966 Dawson County judgment convicting him in Cause No. 7930 of the aggravated assault of Joe Salas with a lug wrench. Appellant explained that, while he was the same person convicted of the offense in the 1966 judgment, he never hit the man and that he was not guilty even though he had entered a guilty plea. Appellant stated that, in 1966, he had turned himself in because the authorities were looking for him. He also stated that he did not know if he had been convicted of the crime.

The State then questioned appellant concerning the offenses that appellant was presently on trial for and asked if he remembered threatening or touching either victim. When appellant

continually denied touching or threatening either victim, the State asked if he remembered an occasion back in 1974 when he had sexually assaulted his nephew. Appellant's counsel immediately objected, and the trial court conducted a hearing outside the presence of the jury.

At the hearing, the nephew testified concerning inappropriate sexual touching by appellant. Counsel for appellant cross-examined him. The trial court explained its balancing of the probative value with the prejudicial effect of the testimony and concluded that the evidence was admissible to rebut appellant's defensive theory that both victims had fabricated their accusations and was relevant and probative to a material issue other than appellant's character. The trial court noted that defense counsel had questioned the voir dire panel extensively concerning children fabricating stories. The trial court limited the admission of the testimony to the State's rebuttal evidence and stated that a limiting instruction would be given. When cross-examination of appellant continued in the presence of the jury, appellant denied sexually assaulting any child. Appellant went on to explain that his step-grandson would not obey him.

On redirect, appellant testified that he had not been arrested or accused of "any crime" since 1990 and that he did not remember any arrests or accusations from the 1980s. On recross, the State asked appellant if he remembered his 1986 and 1988 convictions. He also stated that he did not remember being placed in jail two years prior to this trial and that he was having a "little bit of a bad time recollecting" since he had had a stroke while he was in the jail in Brownfield. His trial counsel then had appellant explain his various medical problems, including impotence, high blood pressure, and a hiatal hernia.

After appellant rested his case, the State called three rebuttal witnesses including appellant's nephew. Appellant's nephew testified that, when he was a child, he would play with appellant's children at appellant's home. When he was around ten years old, appellant began touching him. His nephew stated that he woke up when appellant was rubbing his penis. Appellant would expose himself and make his nephew touch him. His nephew stated that he was scared when these things happened. The first time, his nephew cried, and appellant told him to be quiet and not wake up appellant's wife. The second time, appellant covered his nephew's mouth and threatened to hurt his nephew's parents. The third time, appellant offered his nephew money not to say anything. Appellant's nephew testified that he did not go back to appellant's home after the third time and that he blocked out any memory of the incidences for years.

TEX. R. EVID. 404(b) provides that evidence of extraneous offenses are admissible only for purposes other than to prove that a person acted in conformity to his character. *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003); *Montogomery v. State*, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1991). Under Rule 404(b), such purposes include motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The Texas Court of Criminal Appeals has found that extraneous offenses are admissible to rebut a defensive theory of fabrication or retaliation. *Moses*, 105 S.W.3d at 627; *Wheeler v. State*, 67 S.W.3d 879, 887-88 (Tex. Crim. App. 2002).

The trial court's decision to admit evidence of an extraneous offense will not be disturbed on appeal absent an abuse of discretion. *Moses*, 105 S.W.3d at 627; *Montgomery*, 810 S.W.2d at 391. The appellate court is prohibited from conducting a de novo review of the record to make its own independent determination of the admissibility of the evidence. *Id.* Therefore, as long as the trial court's ruling is within the zone of reasonableness, the appellate court will affirm. *Id.*

We disagree with appellant that the trial court abused its discretion. We cannot say that the ruling to allow the nephew's testimony was outside the zone of reasonableness. Appellant's defense was that both victims were fabricating their accusations. We also disagree with appellant's argument that any remoteness of the extraneous offense automatically makes the testimony irrelevant under TEX. R. EVID. 401. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


January 21, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4