**Affirmed and Opinion filed June 23, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00463-CR

### FAHD SAAD TANASH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 12CR3320**

## O P I N I O N

Appellant Fahd Saad Tanash appeals his conviction for theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2014). In a single issue appellant contends the trial court erred in admitting evidence of an extraneous offense. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted appellant of theft of a motor vehicle from a car dealership in Galveston County. The trial court sentenced him to ten years' confinement in

the Institutional Division of the Texas Department of Criminal Justice. Appellant's only challenge in this appeal is to the trial court's admission of the extraneous-offense evidence.

Before trial the State sought a ruling on the admission of evidence of an extraneous offense. On the day of the offense, a salesperson in the pre-owned division of DeMontrond Chevrolet dealership was trying to serve two customers and asked his colleague Greg Anthony for help. One of the customers, later identified as appellant, wanted to look at a particular vehicle. Anthony used a remote control device to unlock the driver's door of a Chevrolet truck worth approximately $31,000. Appellant asked for the key to the truck, and Anthony gave it to him, assuming appellant wanted to see the dash board lights. As Anthony walked around the back of the truck toward the passenger side, he heard the engine start and the doors lock. When Anthony tried to open the passenger door, appellant drove the truck out of the parking lot.

Law enforcement officers used the truck's OnStar system to track appellant. After his arrest, appellant waived his rights and made a statement to police. In his statement, appellant said that he took the truck from the dealership, telling the salesperson that he wanted to take a test drive. According to appellant, he was "dropped off at the mall by a taxi" and did not have enough money to get back to Houston. Appellant walked to the dealership because the rental car agency at the Mall of the Mainland was closed. Appellant admitted he did not have authority to take the truck, and said he would never do it again.

The night before the offense for which appellant was on trial he was arrested for driving a stolen vehicle. The State asked the trial court to admit evidence of the prior arrest to show appellant's intent and motive to commit theft in the indicted offense. The State argued that appellant had motive to steal the truck from the

dealership because the vehicle he had been driving had been impounded. The State further argued that under section 31.03(c) of the Penal Code and under Texas Rules of Evidence 403 and 404(b), evidence of the extraneous offense was admissible to show appellant's intent to commit theft. Appellant objected to the admission of evidence of the extraneous offense. The trial court overruled appellant's objection and permitted a running objection to the evidence when it was admitted at trial.

The State's first witness was Officer Bruce Stewart of the Dickinson Police Department. Testifying about the extraneous offense, Stewart said that he saw a white Honda automobile traveling on the freeway without a rear license plate. Stewart activated his vehicle's emergency lights, and appellant, the driver of the Honda, pulled over immediately. According to Stewart, appellant explained that he recently purchased the car from his brother, who told appellant to remove the license plates. Stewart ran the Vehicle Identification Number and learned that the car had been reported stolen. Stewart then arrested appellant for unauthorized use of a motor vehicle.

<h2 style="text-align:center">ADMISSION OF EXTRANEOUS-OFFENSE EVIDENCE</h2>

In his sole issue on appeal appellant complains that the trial court erred in admitting extraneous-offense evidence that he was arrested while driving a stolen vehicle the night before the offense for which he was on trial. Appellant argues the ruling violated Texas Rule of Evidence 404(b). We review a trial court's ruling on the admissibility of evidence under an abuse-of-discretion standard. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). If we determine the trial court's ruling was within the zone of reasonable disagreement, we will find no abuse of discretion. *Id.*

Extraneous-offense evidence of other crimes, wrongs, or acts may not be

admitted to show that the defendant acted in conformity with bad character. Tex. R. Evid. 404(b). Extraneous-offense evidence, if relevant apart from proving character conformity, may be admitted for other purposes, including proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or accident. Tex. R. Evid. 404(b); *Moses*, 105 S.W.3d at 626. Though evidence of other crimes, wrongs, or acts may have a tendency to show character conformity, extraneous-offense evidence that has relevance apart from character conformity, such as for rebuttal of a defensive theory, may be admissible. *See* Tex. R. Evid. 404(b); *Moses*, 105 S.W.3d at 626 n. 4, 628; *Bargas v. State*, 252 S.W.3d 876, 890 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The State argues that section 31.03(c) of the Texas Penal Code governs admissibility of extraneous-offense evidence in a theft case. We agree. Section 31.03(c)(1) provides that in theft cases:

> (c) For purposes of Subsection (b):
>
> (1) evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty[.]

Tex. Penal Code Ann. § 31.03 (West, Westlaw through 2013 3d C.S.).

Section 31.03(c)(1) is a specific statute pertaining to the admissibility of evidence of extraneous transactions in a theft case. Rule 404(b) is a general rule that applies to "evidence of other crimes, wrongs, or acts." Rule 404(b) is not restricted to a case in which the charged offense is theft. Texas Rule of Evidence 101(d) provides that, "*despite these rules*, a court must admit or exclude evidence if required to do so by the United States or Texas Constitution, a federal or Texas statute, or a rule prescribed by the United States or Texas Supreme Court or the

Texas Court of Criminal Appeals. If possible, a court should resolve by reasonable construction any inconsistency between these rules and applicable constitutional or statutory provisions or other rules." Tex. R. Evid. 101(d) (emphasis added). We conclude that, based on Texas Rule of Evidence 101(d), there is no conflict between Texas Penal Code 31.03(c)(1) and the Texas Rules of Evidence. *See* Tex. Penal Code Ann. § 31.03; Tex. R. Evid. 101(d). Under Texas Penal Code 31.03(c)(1), if a defendant charged with theft pleads "not guilty" to the offense, during the guilt/innocence phase of trial on the theft offense, evidence that the defendant previously has participated in recent transactions other than, but similar to, that on which the prosecution is based is admissible for the purpose of showing knowledge or intent. *See* Tex. Penal Code Ann. § 31.03. Under Rule 101(d), such evidence is admissible even if it otherwise would be inadmissible under Rule 404(b). *See* Tex. Penal Code Ann. § 31.03; Tex. R. Evid. 101(d); *Ballard v. State*, 945 S.W.2d 902, 904 (Tex. App.—Beaumont 1997, no pet.).

Appellant argues that the recent extraneous offense is not admissible because he did not raise any affirmative defenses or put intent at issue through cross-examination or other means. Because the State's first witness testified to appellant's arrest for unauthorized use of a motor vehicle the night before the offense for which appellant was being tried, appellant argues the extraneous offense was not admissible to show intent since intent was not yet at issue.

Appellant cites *Robbins v. State*, 88 S.W.3d 256, 261 (Tex. Crim. App. 2002) in support of his argument. In *Robbins*, the Texas Court of Criminal Appeals held that a simple plea of "not guilty" does not make issues such as intent a relevant issue of consequence for purposes of determining admissibility of extraneous-offense evidence under Rule of Evidence 404(b). The defendant in *Robbins*, however, was charged with murder, and the State attempted to introduce

5

prior-relationship evidence because the defendant suggested through vigorous cross-examination of prosecution witnesses that the complainant's death was not the result of an intentional act. *Id*. at 258. But, section 31.03(c) specifically provides that in cases of theft the defendant puts his intent at issue by pleading "not guilty". Today's case is distinguishable from *Robbins*, in that the legislature has determined that a defendant in a theft case places the issue of the defendant's intent at issue by pleading "not guilty". *See* Tex. Penal Code Ann. § 31.03(c). The trial court did not abuse its discretion in impliedly determining that the officer's extraneous-offense testimony (1) was evidence that appellant previously had participated in recent transactions other than, but similar to, that on which the prosecution was based, and (2) was admissible for the purpose of showing appellant's knowledge or intent. *See* Tex. Penal Code Ann. § 31.03(c)(1).  We conclude the trial court did not err in admitting extraneous-offense evidence that appellant was arrested while driving a stolen vehicle the night before the charged offense.  *See* Tex. Penal Code Ann. § 31.03(c)(1).

We overrule appellant's sole issue and affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Publish — Tex. R. App. P. 47.2(b).