

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00201-CR

---

CHRISTOPHER JAMES WILLIAMSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2024-C-151

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

A Panola County bench trial led to Christopher James Williamson's conviction for possession of child pornography and sentence of seventy-five years' imprisonment. *See* TEX. PENAL CODE ANN. § 43.26(d)(2)(B)(ii) (Supp.). On appeal, Williamson argues that the trial court abused its discretion by admitting a search warrant, a supporting affidavit, and a telephone company's records over his hearsay objections.[1] Because we find that the trial court did not abuse its discretion by admitting the evidence during a bench trial, we affirm the trial court's judgment.

## I.     Factual and Procedural Background

Travis Monk, a criminal investigator with the Collin County Sheriff's Office, testified that he obtained pornography online while he was operating undercover from a specific internet protocol (IP) address, which "is unique to a host, to a router." Monk said that he reached out to special agent Dan Collins with the Texas Department of Public Safety (DPS) to report his findings.

Collins confirmed that Monk's "undercover computer program" downloaded child pornography recordings coming from a specific IP address. Collins sent a subpoena to AT&T to obtain records associated with the IP address. Collins testified that the subpoena resulted in the revelation that the physical address associated with the IP address was 706 Church Street in Carthage, Texas. From there, Collins conducted surveillance on the address and obtained a

---

[1]In companion cause numbers 06-24-00202-CR through 06-24-00210-CR, Williamson appeals from nine other convictions for possession of child pornography.

warrant to search the home for electronic devices from the same judge that would later conduct the bench trial.

Collins testified that Williamson, his brother, and his grandfather were at the residence when the search warrant was executed with assistance from Samuel Nowell and Russell Clay Steelman, who were both DPS special agents. Nowell and Steelman testified that Williamson was the subject of the search warrant. Nowell, who was responsible for photographing evidence found at the location, testified that he located evidence of child pornography on a desktop computer and confiscated it. Without objection, the State introduced exhibit 22, which depicted the images of child pornography. According to Nowell, five electronic devices were seized during the search.

According to Steelman, the desktop computer monitor had Williamson's name as the profile. Steelman testified that Williamson provided the password to access the computer and that, when accessed, he "open[ed] a file and s[aw] thumbnails of multiple images that were obviously child porn." Steelman described exhibit 22 as "multiple thumbnails of pornographic activities being conducted by obvious underage children."

Collins also testified that Williamson provided him with the password to his desktop computer and that Collins viewed approximately six images and eighteen recordings on the computer that depicted child pornography. Without objection, the State introduced exhibit 11, which contained recordings depicting sexual assault of a child that were the subjects of the indictments in this case and Williamson's companion cases. Also, without objection, the State admitted exhibit 12, Collins's body-camera footage from the day the search warrant was

3

executed. Collins testified, and his body-camera footage shows, that Williamson readily admitted that he had child pornography on his desktop computer.

After hearing the evidence, the trial court found Williamson guilty of possession of child pornography.

## II. Standard of Review

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g))). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

## III. The Trial Court Did Not Abuse Its Discretion by Admitting the Evidence

During Collins's testimony, Williamson objected to the admission of Collins's affidavit supporting the search warrant and the search warrant that had been signed by the trial judge "on the basis of hearsay and bolstering the testimony of this witness." The trial court immediately overruled the objection. Williamson lodged the same objection to AT&T's return of the subpoena, which showed that the IP address belonged to the residence Williamson lived in and

listed chrisw006@hotmail.com as the service address. The trial court also overruled that objection.[2] On appeal, Williamson argues that the trial court erred by overruling his hearsay objections.

"Hearsay is a statement . . . other than one made by the declarant while testifying at the trial, which is offered to prove the truth of the matter asserted." *Richter v. State*, 482 S.W.3d 288, 299–300 (Tex. App.—Texarkana 2015, no pet.) (quoting *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (citing TEX. R. EVID. 801(d))). "An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay." *Id.* at 300 (quoting *Dinkins*, 894 S.W.2d at 347). "Thus, statements offered to explain how a defendant came to be a suspect of a crime are not hearsay." *Id.* (citing *Dinkins*, 894 S.W.2d at 347). Here, the State admitted the search warrant, accompanying affidavit, and AT&T's response to the subpoena, not for the truth of the matter asserted but to show how Williamson became the suspect of Collins's investigation.

Moreover, even had there been error in the admission of the evidence, we cannot see how Williamson was harmed by it. The erroneous admission of hearsay testimony is non-constitutional error and is disregarded unless the defendant's substantial rights are affected. *See* TEX. R. APP. P. 44.2(b); *Macedo v. State*, 629 S.W.3d 237, 240 (Tex. Crim. App. 2021). "An error does not affect substantial rights if the appellate court has 'a fair assurance from an examination of the record as a whole that the error did not influence the [fact-finder], or had but

---

[2]On appeal, Williamson appears to raise an authentication issue with respect to the information submitted by AT&T in response to the subpoena. However, Williamson did not raise any authentication issue with the trial court. Because his authentication issue on appeal does not comport with the hearsay issue raised at trial, it was not preserved. *See* TEX. R. APP. P. 33.1.

a slight effect.'" *Macedo*, 629 S.W.3d at 240 (quoting *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018)).

By the time the State offered the search warrant, affidavit, and AT&T's response, Monk, Nowell, and Steelman had already testified. As a result, the trial judge had already heard that Williamson admitted that the desktop containing the child pornography was his and that Nowell and Steelman had found child pornography on the computer. Also, after the admission of the objected-to evidence, the trial judge viewed Collins's body-camera footage showing that Williamson admitted to possessing child pornography. The images of the child pornography located on Williamson's computer were admitted without objection. Lastly, this was a bench trial, and "it is presumed that the judge ignores improper testimony." *Richter*, 482 S.W.3d at 300 (citing *Ozack v. State*, 646 S.W.2d 941, 943 (Tex. Crim. App. 1983)). Accordingly, even had any evidence been improperly admitted, it would have been harmless. *Id.*

For the foregoing reasons, we overrule Williamson's points of error related to the admission of the search warrant, the affidavit in support, and AT&T's records.

## IV. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     May 21, 2025
Date Decided:       May 22, 2025

Do Not Publish

6