Opinion filed January 21, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 21, 2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00382-CR

                                                    __________

 

                                      ISABEL ESPINOZA, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Dawson
County, Texas

 

                                                  Trial
Court Cause No. 06-6494

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
jury convicted Isabel Espinoza of the aggravated sexual assault of his
eleven-year-old step-grandson and assessed his punishment at confinement for
forty years.[1]  We affirm.








There
is no challenge to the sufficiency of the evidence.  The victim testified that,
when he was in the fifth grade, appellant would touch him Ain areas that [he didn=t] like to be touched.@  Appellant would touch
both the victim=s
penis and his Abutt.@  When the victim was
awake, he would try to move away.  Sometimes when the victim was asleep,
appellant would start Adoing
stuff@ to him. 
Appellant would put his finger A[s]lightly@ into the victim=s anus or grab the victim=s penis, move it toward
appellant, and move his hand in a back and forth motion.  On Halloween,
appellant placed his penis A[s]lightly@ inside the victim=s anus.  The victim also
testified that appellant would show his penis to the victim and make the victim
Afeel around it@ with the victim=s hand.

In
his sole issue on appeal, appellant contends that the trial court erred in
admitting the testimony of his nephew (one of the State=s rebuttal witnesses) that appellant had
sexually assaulted him.  Appellant argues that evidence of this extraneous
offense was not relevant to the present case and was too remote and that the
issues of his identity and intent were not in issue. Because appellant
testified that he never sexually assaulted the victim and because his defense
at trial was that the victim had a motive to fabricate the assault based on the
victim=s dislike of
appellant=s son (the
victim=s stepfather),
appellant argues that the trial court abused its discretion in admitting the
testimony.  

Appellant
testified in his own behalf and after having been fully admonished as to the
consequences.  Appellant denied sexually assaulting not only the victim but
also his granddaughter.  Appellant testified that he Aused to drink a lot@ and that he had a Afew@
DWIs from when he was younger.  Appellant further stated that, at least to his
knowledge, he did not think he had been convicted of a felony.  He explained
that he had turned himself in because he had heard that a policeman was looking
for him.

On
cross-examination, the State questioned appellant about his prior DWIs and
asked him if he remembered Asmacking
around Joe Salas with a lug wrench, wounding him.@ 
When appellant stated that he did not know Joe, the State showed appellant a
copy of the 1966 Dawson County judgment convicting him in Cause No. 7930 of the
aggravated assault of Joe Salas with a lug wrench.  Appellant explained that,
while he was the same person convicted of the offense in the 1966 judgment, he
never hit the man and that he was not guilty even though he had entered a
guilty plea.  Appellant stated that, in 1966, he had turned himself in because
the authorities were looking for him.  He also stated that he did not know if
he had been convicted of the crime.








The
State then questioned appellant concerning the offenses that appellant was
presently on trial for and asked if he remembered threatening or touching
either victim.  When appellant continually denied touching or threatening
either victim, the State asked if he remembered an occasion back in 1974 when
he had sexually assaulted his nephew.  Appellant=s
counsel immediately objected, and the trial court conducted a hearing outside
the presence of the jury.

At
the hearing, the nephew testified concerning inappropriate sexual touching by
appellant.  Counsel for appellant cross-examined him.  The trial court
explained its balancing of the probative value with the prejudicial effect of
the testimony and concluded that the evidence was admissible to rebut appellant=s defensive theory that
both victims had fabricated their accusations and was relevant and probative to
a material issue other than appellant=s
character.  The trial court noted that defense counsel had questioned the voir
dire panel extensively concerning children fabricating stories.  The trial
court limited the admission of the testimony to the State=s rebuttal evidence and
stated that a limiting instruction would be given.  When cross-examination of
appellant continued in the presence of the jury, appellant denied sexually
assaulting any child.  Appellant went on to explain that his step-grandson
would not obey him.

On
redirect, appellant testified that he had not been arrested or accused of Aany crime@ since 1990 and that he did
not remember any arrests or accusations from the 1980s.  On recross, the State
asked appellant if he remembered his 1986 and 1988 convictions.  He also stated
that he did not remember being placed in jail two years prior to this trial and
that he was having a Alittle
bit of a bad time recollecting@
since he had had a stroke while he was in the jail in Brownfield.  His trial
counsel then had appellant explain his various medical problems, including
impotence, high blood pressure, and a hiatal hernia.

After
appellant rested his case, the State called three rebuttal witnesses including
appellant=s nephew. 
Appellant=s nephew
testified that, when he was a child, he would play with appellant=s children at appellant=s home.  When he was around
ten years old, appellant began touching him.  His nephew stated that he woke up
when appellant was rubbing his penis.  Appellant would expose himself and make
his nephew touch him.  His nephew stated that he was scared when these things
happened.  The first time, his nephew cried, and appellant told him to be quiet
and not wake up appellant=s
wife.  The second time, appellant covered his nephew=s mouth and threatened to hurt his nephew=s parents.   The third
time, appellant offered his nephew money not to say anything.  Appellant=s nephew testified that he
did not go back to appellant=s
home after the third time and that he blocked out any memory of the incidences
for years.








Tex. R. Evid. 404(b) provides that
evidence of extraneous offenses are admissible only for purposes other than to
prove that a person acted in conformity to his character.   Moses v. State,
105 S.W.3d 622, 626 (Tex. Crim. App. 2003); Montogomery v. State, 810
S.W.2d 372, 387-88 (Tex. Crim. App. 1991).  Under Rule 404(b), such purposes
include motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident.  The Texas Court of Criminal Appeals has found
that extraneous offenses are admissible to rebut a defensive theory of
fabrication or retaliation.  Moses, 105 S.W.3d at 627; Wheeler v.
State, 67 S.W.3d 879, 887-88 (Tex. Crim. App. 2002).

The
trial court=s decision
to admit evidence of an extraneous offense will not be disturbed on appeal
absent an abuse of discretion. Moses, 105 S.W.3d at 627; Montgomery,
810 S.W.2d at 391.  The appellate court is prohibited from conducting a de novo
review of the record to make its own independent determination of the
admissibility of the evidence.  Id.  Therefore, as long as the trial
court=s ruling is
within the zone of reasonableness, the appellate court will affirm.  Id.

We
disagree with appellant that the trial court abused its discretion.  We cannot
say that the ruling to allow the nephew=s
testimony was outside the zone of reasonableness.  Appellant=s defense was that both
victims were fabricating their accusations.  We also disagree with appellant=s argument that any
remoteness of the extraneous offense automatically makes the testimony
irrelevant under Tex. R. Evid.
401.  Appellant=s sole
issue is overruled.

The
judgment of the trial court is affirmed.

 

 

PER CURIAM

 

January 21, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]In the same trial, appellant was also convicted of the
sexual assault of his granddaughter.  That conviction is also affirmed this
same day in Cause No. 11-07-00381-CR.