COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ADRIAN DIAZ, | § | No. 08-10-00068-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 243rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20080D05623) |
| | § | |
| | § | |

**O P I N I O N**

Adrian Diaz appeals his conviction for family violence assault.  In a single issue, Appellant contends the trial court abused its discretion by permitting the State to impeach the alleged victim of the offense with a rebuttal witness.  Finding no reversible error, the trial court's judgment will be affirmed.

**BACKGROUND**

Appellant was indicted in November 2008, for assaulting his girlfriend, Ms. Lisset Contreras.  During trial, the State offered the testimony of three El Paso Police Officers,  Jerry Obptande, Robert Thomas, and James Powell.  Officer Obptande testified that on October 5, 2008, he and his partner, Officer Thomas were dispatched to an apartment complex in Northeast El Paso in response to a report that an assault was in progress.  Officer Powell was already on the scene.  When Officers Obptande and Thomas arrived, they followed Officer Powell toward the back of the complex where he had heard a woman scream in distress.  When they reached the

back of the building, Officers Obptande and Thomas pursued Appellant, who was fleeing the area, while Officer Powell attended to the woman. Despite the officers commands to stop, Appellant ran to an area where the officers lost sight of him. After an unsuccessful search, the two officers returned to the complex where Officer Powell was attending to the woman, later identified as Lisset Contreras.

When Officer Powell first approached Ms. Contreras, he noticed that she had blood on her face and was bleeding from an open wound on her lip. Officer Powell spoke with Ms. Contreras for half an hour before she was transported to a regional command center. During their conversation, Officer Powell noticed she was severely intoxicated. Initially, Ms. Contreras refused to give the officers any information about what had happened. Officers Obptande and Thomas located the vehicle and apprehended Appellant when he returned and attempted to conceal himself there.

Ms. Contreras also testified during the State's case-in-chief. She identified Appellant as the father of her children, and testified that at the time of the alleged assault, Appellant was her boyfriend. She indicated that she did not wish to testify against him, and that she refused to press charges. She explained that on October 5, 2008, she was so intoxicated that she did not remember parts of the evening. She testified that she remembered being at the apartment complex and remembered yelling and swearing at Appellant. She testified that she hit Appellant "a couple of times," but could not remember where she hit him, or if there were any marks left on his body. She explained that Appellant pushed her after she hit him. She testified that her lip might have been cut when she fell, or it may have been injured during an argument she had with some other women that evening. When the prosecutor asked whether she remembered talking

-2-

with an officer while she was in the holding tank at the regional command center, Ms. Contreras testified that she did not remember the specifics of the conversation, but did remember feeling pressured to press charges against Appellant.

Following Ms. Contreras' testimony, the State re-called Officer Obptande. The officer testified that when they took Appellant into custody, there was no indication that Appellant had been hit. Over Appellant's objection, Officer Obptande also testified that while Ms. Contreras was in the holding tank at the regional command center, she identified Appellant as her "common law husband" and told the officer that Appellant had assaulted her, and had caused the injuries to her face. The jury found Appellant guilty of assault family violence as alleged in the indictment, and the trial court sentenced Appellant to seven years' community supervision.

ANALYSIS

In his sole issue, Appellant argues that the trial court abused its discretion by allowing the State to present the testimony of an El Paso Police Officer to impeach Ms. Contreras' testimony during rebuttal. Specifically, Appellant contends that the officer's testimony was inadmissible except for impeachment purposes and that the impeachment was improper because the State knew, or should have known, that Ms. Contreras' testimony would be unfavorable. Appellant concludes that the State offered Ms. Contreras' testimony solely to create a basis for the admission of hearsay evidence, in violation of *Hughes v. State*, 4 S.W.3d 1, 3 (Tex.Crim.App. 1999). In response, the State argues that the circumstances presented in this case are distinguishable from those in *Hughes*, because the officer's testimony was offered for non-hearsay purposes.

We review a trial court's ruling on the admissibility of evidence for an abuse of

discretion. *See Green v. State*, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). So long as the trial court's decision falls withing the zone of reasonable disagreement, the ruling will be affirmed. *Moses v. State*, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). The Texas Rules of Evidence permit the credibility of any witness to be challenged by any party, including the witness's proponent. *See* TEX.R.EVID. 607. The right to impeach one's own witness, however, does not permit a party to call a witness whom that party knows will testify contrary to a prior statement, as a mere subterfuge to provide a basis for otherwise inadmissible evidence. *Brasher v. State*, 139 S.W.3d 369, 371-72 (Tex.App.--San Antonio 2004, pet. ref'd). To the extent the State calls a witness whom it anticipates will testify contrary to a prior statement, there is a risk that the testimony is offered as a "mere subterfuge," to provide a basis for evidence which would be inadmissible but for its impeachment value. *See Hughes*, 4 S.W.3d at 5-6 n.9. To determine whether the testimony is being offered under these circumstances, the court may consider whether the State was surprised by the witness's recantation, whether the witness provided any favorable testimony, and whether the State had a legitimate basis for the admission of the impeachment evidence. *See Hughes*, 4 S.W.3d at 5.

In this instance, while Appellant contends that Ms. Contreras' testimony was offered only to provide a basis for the officer to testify about Ms. Contreras' statements while she was in the holding cell, the State argues, in part, that the evidence was offered and admitted for an alternative, non-hearsay purpose. According to the State, the officer's testimony was not inadmissible hearsay pursuant to Texas Rule of Evidence 801 (e)(1)(C). A statement is not hearsay if: (1) the declarant testifies at trial; (2) the declarant is subject to cross-examination; and (3) the statement is one of identification of a person made after perceiving him. TEX.R.EVID.

801(e)(1)(C). There is no dispute that the declarant, Ms. Contreras, testified during trial, and was subject to cross-examination. As such, only the third element is at issue.

During his rebuttal testimony, Officer Obptande stated that he engaged in a brief conversation with Ms. Contreras while she was in the holding cell at the northeast station. According to the officer's testimony during the conversation, Ms. Contreras identified Appellant as her husband, indicated that Appellant was the individual who assaulted her, and that Appellant was responsible for the injuries on her face. Although Officer Obptande's testimony regarding Ms. Contreras' statements would otherwise constitute hearsay, his testimony is admissible as an identification pursuant to Rule 801(e)(1)(C). *See Rodriguez v. State*, 975 S.W.2d 667, 682 (Tex.App.--Texarkana 1998, pet. ref'd). Because there was an alternative basis for the admissibility of the evidence, the trial court did not abuse its discretion by permitting the State to introduce the officer's testimony. Issue One is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


December 7, 2011
CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)