Opinion issued April 5, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01101-CR

———————————

Christopher Earl Green, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 155th District Court

Austin County, Texas



Trial Court Case No. 2009R-0104

 



 

MEMORANDUM OPINION

          A
jury convicted appellant, Christopher Earl Green, of delivery of a controlled
substance and assessed punishment at 13 years’ confinement.  In his sole point of error, appellant
contends the trial court erroneously admitted evidence of an extraneous
offense.  We affirm.

BACKGROUND

          In
May 2009, Sealy Police Department Captain S. Garrett was working with two
police officers from neighboring Waller County to set up undercover drug buys
in Sealy.  Garret gave the officers,
Cortez and Watson, a button camera and money to conduct drug buys.  Cortez and Watson drove around Sealy looking
for someone to sell them drugs.  They
encountered a man named “Chris” in the 500 block of Anderson Street who told
them that he could get them drugs if they paid him up front.  The officers needed approval from Captain
Garrett before giving “Chris” the money, so they left the scene briefly and
called the captain.

          Garrett
testified that when the officers gave him the name “Chris” and the location, he
“pretty much” knew the person they were talking to was appellant.  The following exchange then took place:

[Prosecutor]: And did you
have an idea of who the suspect might be at that time.

 

[Garrett]:  Pretty much did.

 

[Prosecutor]:  Okay. How did you have that idea?

 

[Defense counsel]:
Objection. May we approach?

 

[Trial Court]:  Be careful. 
I know you know what the concern is.

 

[Prosecutor]: I recognize
that and the objection, if we can briefly talk to the witness and instruct him
not to go into priors.  But he can say, I
am hoping that he does know the suspect and does know that there is a suspect
named Chris Green who lives at that address.

 

[Defense Counsel]:  Judge, I think that is basically suggesting
extraneous matters, that he has had contact with him before.

 

[Prosecutor]: He won’t have
to say that he has contact with him before.

 

[Defense Counsel]: But same
thing.

 

[Prosecutor]: He knows the
person and knows where he stays.

 

[Jury excused and bench
conference held.]

 

[Prosecutor]: Your Honor, I
would just like to ask if he is familiar with the suspect and then he can
answer.  And if I could be given a little
lenience to lead to make sure that we don’t get into extraneous, but to ask if
he is familiar with the suspect.

 

[Trial Court]:  How is he going to know what you’re leading
to?

 

[Prosecutor]:  Well, I think he can answer just simply yes,
I am familiar with him and I know that there is a man named Chris Green that
lives at the 500 block [of Anderson Street] or stays at the 500 block in Sealy.

 

[Trial Court]: Okay. I guess
what we need to guard against in mentioning any priors or any prior official
contact.

 

[Garrett]: Yes, Sir.

 

[Trial Court]: Police and
citizen contact.

 

[Garrett]: Yes, sir.

 

[Prosecutor]: We won’t ask
him how he knows him if —

 

[Defense Counsel]:  Judge, here is my problem.  You know, the officer sits up there and he
says he works narcotics.  The implication
is going to be pretty clear if he knows this guy, this is why.

 

[Prosecutor]:  He knows half of Sealy.

 

[Trial Court]: I understand
it’s a possibility.

 

[Defense Counsel]: That is
getting into extraneous matters.

 

[Trial Court]: I understand
that is a possibility.  In small towns,
it is not unusual for people to know everybody, whether they are into drugs or
not.  It is a possible implication, but I
don’t think it is a necessary conclusion. So we are going to let you go forward
on that basis, of course.

 

[Defense Counsel]:  For the record, I am objecting to that, Judge.

 

[Trial Court]: Objection is
overruled.

 

          After
this exchange, the jury was brought back in. 
Garrett then testified that he knew “Chris Green,” identified him as
appellant, and stated that he knew that appellant frequently stayed in the 500
block of Anderson in Sealy.

[Prosecutor]: So when the
officers told you that there was a subject named Chris and they gave a physical
description of him and told you where he was located, did you have an idea that
that could be Chris Green?

 

[Garrett]: Yes, ma’am.

 

EXTRANEOUS OFFENSE EVIDENCE

          In
his sole point of error, appellant contends that the trial court erred by
permitting Garrett to testify that he was “pretty sure” that Cortez and Watson
were describing appellant when they called him because he knew a “Chris Green”
and knew that he stayed in the 500 block of Anderson.  Specifically, appellant contends that
Garrett’s testimony violated Rule 404 of the Texas Rules of Evidence because
“it would certainly suggest to the jury the officer knows this individual
because he is or was involved in the drug business previously.”

Standard of Review

We review a trial court’s admission of extraneous offense evidence under an abuse-of-discretion standard.  Page v. State, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004); Lane v. State, 933 S.W.2d 504, 519 (Tex. Crim. App.
1996); Blackwell v. State,
193 S.W.3d 1, 8 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d). As long as
the trial court’s ruling was within the “zone of reasonable disagreement,”
there is no abuse of discretion, and the ruling must be upheld. Thomas v.
State, 126 S.W.3d 138, 143
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  Rule 404(b) prohibits
the introduction of extraneous offenses
to show character conformity. Tex. R.
Evid. 404(b); Page,
137 S.W.3d at 78; Moses v. State,
105 S.W.3d 622, 626 (Tex. Crim. App. 2003); Blackwell, 193 S.W.3d at 9.

Analysis

The State argues that testimony that
an officer is familiar with someone, without elaboration, does not allege an
extraneous offense of a prior bad act. 
We agree.  A police officer’s
testimony that he knows someone and knows where that person lives, without
more, does not necessarily suggest that such person is a criminal or has
committed any prior bad act.  As pointed
out by the trial court, a police officer may have many reasons to be familiar
with a person, especially in a small town such as Sealy. Appellant may have
been a neighbor, a school mate, a friend, or an acquaintance of the
officer.  There is nothing in the record
to suggest that Captain Garrett knew appellant through prior criminal
activity.  Thus, the trial court did not
abuse its discretion in deciding that Rule 404, which prohibits evidence of
extraneous criminal activity to prove character conformity, was not applicable.

          We
overrule appellant’s sole point of error.

CONCLUSION

          We affirm the judgment of
the trial court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).