

## NUMBER 13-10-00514-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**KENNETH STEWART,**                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                 **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

In this child sexual abuse case, appellant Kenneth Stewart argues that the trial court erred when it failed to admit photographs where the complainant, Stewart's daughter, R.L.,[1] appears happy with her family on several different occasions.   Stewart

---

[1] Although the State prosecuted this case after R.L. reached the age of majority (she was

argues that these photographs rebutted the State's theory that he isolated R.L. from social contacts to facilitate his alleged sexual abuse of her. Because we hold that Stewart failed to preserve error on this issue, we affirm the trial court's judgment.

## I. BACKGROUND

This case arises from an outcry made by R.L., who alleged that her father, Stewart, sexually abused her from the ages of four through seventeen. R.L. was twenty at the time of trial. R.L. testified that she and her family moved several times when she was young because Stewart was in the military, but that she and her parents eventually settled in Corpus Christi, Texas, her mother's hometown. During trial, R.L. graphically described numerous instances where Stewart sexually abused her throughout her childhood.

According to the evidence adduced at trial, a significant event occurred in 2000. Various witnesses testified about a time when Stewart allegedly inappropriately touched his niece "Misty" at a family get-together of R.L.'s mother's family. The event occurred when members of R.L.'s maternal extended family were staying at a beach condo to celebrate a wedding anniversary. While everyone was asleep, Misty's fiancé, Jason Hernandez, woke up to use the restroom. When he headed back to bed, he saw Stewart walk towards Misty in the dark and grope her breast. Hernandez recalled yelling at Stewart, and soon Stewart left with R.L. and his wife. After this incident, R.L. testified that she and her parents rarely socialized with her mother's family anymore. The State contended that Stewart deliberately began to avoid R.L.'s maternal family and

twenty at the time of trial), we nonetheless refer to her by initials to protect her identity as a survivor of sexual assault. *See generally* TEX. CODE CRIM. PROC. ANN. art. 57.02 (West Supp. 2011).

2

kept R.L. from visiting them to keep her from outcrying to family members who may have believed her.

During his defense, Stewart attempted to admit several different pictures showing R.L. as a happy, well-adjusted child in different social settings, such as a weddings or birthday parties. These pictures, he explained, would counter the State's theory that Stewart "isolated" R.L. from her maternal extended family to facilitate his alleged sexual abuse of her. While the trial court agreed to admit some pictures, it refused to allow others on the basis that they did not support the defense's theory. For example, the trial court explained that pictures of R.L. with her father at his college graduation had nothing to do with the alleged "isolation" of R.L. from her maternal family. The court further commented that photos demonstrating a "happy little family" would be more appropriately introduced during the punishment phase of a trial, as opposed to the guilt-innocence phase. Stewart's counsel requested to make an offer of proof of all of the pictures, and the trial court stated that counsel could do so after the jury left for the day. However, the record reveals that Stewart's counsel never made that offer.

The jury convicted Stewart of seven counts of aggravated sexual assault of a child, two counts of sexual assault of a child, and four counts of indecency with a child. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011); §§ 22.011, 21.11 (West 2011). The jury sentenced Stewart to sixty years for the first seven counts, and twenty years for the next six counts, and assessed a fine of $10,000. This appeal followed.

## II. APPLICABLE LAW AND DISCUSSION

Texas Rule of Appellate Procedure 33.1 provides that, to preserve error for review, a party must make a complaint to the trial court by a "timely request, objection, or

3

motion" that states the grounds for the ruling that the complaining party seeks from the trial court with sufficient specificity. TEX. R. APP. P. 33.1(1)(A). Further, the trial court must rule on this request, objection, or motion. *Id.* at R. 33.1(2)(A).

Here, the trial court did agree to admit some photos, such as photos of R.L. with Stewart at her wedding, and at a school dance, and at his college graduation. However, Stewart wanted to enter more photos which the trial court did not allow because the court held that they were irrelevant and did not support the defense's contention that R.L. was not isolated from her family:

| | |
|---|---|
| THE COURT: | I mean, this is not relevant in this stage of the trial. The elements of the offense are relevant. You may put these in at the punishment if we get there. |
| STEWART'S COUNSEL: | All right. Well, let me make—I guess I'll make a Bill on these. |
| THE COURT: | You may make a Bill when the jury goes home. |
| STEWART'S COUNSEL: | I can't do it now? |
| THE COURT: | No. |

The record shows, though, that Stewart's counsel did not make the proper offer of proof with the photos he wished to admit. *See* TEX. R. EVID. 103 ("The offering party shall, as soon as practicable, but before the court's charge is read to the jury, be allowed to make, in the absence of the jury, its offer of proof."). Defense counsel has "an obligation to press the trial judge to a definite ruling on the objection." *Hanner v. State*, 572 S.W.2d 702, 707 n.5 (Tex. Crim. App. 1978). Stewart failed to preserve error with regard to the photos.

Assuming that Stewart did preserve error, though, the exclusion of the photos

would still not be error. The admission and exclusion of evidence is within the trial court's sound discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. 2003). "That is to say, as long as the trial court's ruling was within the zone of reasonable disagreement, the appellate court should affirm." *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. 1991)). In this case, the trial court clearly explained why it thought some of the photos were irrelevant: they failed to support the defense's counter-argument that R.L. was not isolated from her maternal relatives. This reasoning is not outside the zone of reasonable disagreement, and, thus, was not an abuse of discretion. We overrule Stewart's sole issue.

### III. CONCLUSION

Because we overruled Stewart's sole issue, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
7th day of June, 2012.

5