PD-0486-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/4/2015 8:51:09 AM
Accepted 5/4/2015 3:24:30 PM
ABEL ACOSTA
CLERK

# PD-0486-15

## NO. _____

## IN THE COURT OF CRIMINAL APPEALS

| | |
|---|---|
| **KEVIN ANTONIO OWENS** | **PETITIONER** |
| **VS.** | |
| **THE STATE OF TEXAS** | **RESPONDENT** |

**On appeal from cause number 14-14-00109-CR in the
Fourteenth Court of Appeals and cause number 1316170
in the 248th District Court of Harris County, Texas**

## PETITION FOR DISCRETIONARY REVIEW

**KEN GOODE**
**P.O.Box 590947**
**Houston, Texas 77259**
**(409) 779-3631**
**State Bar # 08143200**
**Goodedkc@msn.com**

FILED IN
COURT OF CRIMINAL APPEALS

May 4, 2015

ABEL ACOSTA, CLERK

## IDENTIFICATION OF THE PARTIES

Randy Allen Segura                          Petitioner
TDCJ-ID
Huntsville, Texas


Skip Cornelius                              Trial Defense Attorney
2028 Buffalo Terrace,
Houston, Texas


Justin Wood                                 Trial Prosecutor
1201 Franklin
Houston, Texas


Hon. Katherine Cabaniss                     Trial Judge
1201 Franklin
Houston, Texas


Ken Goode                                   Appellate Attorney
P.O. Box 590947
Houston, Texas


Devon Anderson                              Appellate D.A.
1201 Franklin
Houston, Texas

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument.

# TABLE OF CONTENTS

Statement of the Case.................................................. 1

Statement of Procedural History................................... 1

Ground for Review

WHETHER THE COURT OF APPEALS ERRED BY NOT EXAMINING
THE TOTALITY OF THE EVIDENCE IN ITS REVIEW OF THE LEGAL
SUFFICIENCY OF THE EVIDENCE

Argument.............................................................. 2

Prayer for Relief.................................................... 3

Certificate of Word Count Compliance  ................................. 3

Certificate of Service  ..................................... .............. 4

## INDEX OF AUTHORITIES

**CASES**

**Conner v. State,**
    67 S.W.3d 192 (Tex. Crim. App. 2001)............................................. 2

**Guzman v. State,**
    955 S.W.2d 85 (Tex. Crim. App. 1997)......................................... 3

**Herrin v. State,**
    125 S.W.3d 436 (Tex. Crim. App. 2002)......................................... 2

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Comes Now Kevin Antonio Owens, petitioner, and files this petition for discretionary review and in support shows as follows:

## STATEMENT OF THE CASE

Petitioner was charged by indictment with the offense of capital murder. Petitioner pleaded not guilty, and proceeded to jury trial. Petitioner was found guilty as charged and punishment was set by the court at life without parole.

## STATEMENT OF PROCEDURAL HISTORY

In an unpublished opinion dated April 28, 2015 the Fourteenth Court of Appeals affirmed the conviction and sentence.

No motion for rehearing was filed.

## GROUND FOR REVIEW

**WHETHER THE COURT OF APPEALS ERRED BY NOT EXAMINING THE TOTALITY OF THE EVIDENCE IN ITS REVIEW OF THE LEGAL SUFFICIENCY OF THE EVIDENCE.**

## ARGUMENT

On appeal petitioner argued that the evidence was insufficient to prove that he formed the intent to rob the complainant before or at the time of the murder.

Although the evidence was conflicting on the issue, the lower court failed to discuss evidence in the record that suggested that petitioner's intent to rob the complainant was an afterthought.

For a murder involving a theft or attempted theft to constitute a capital murder committed in the course of a robbery, the intent to rob must be formulated before or at the time of the murder. **Conner v. State,** 67 S.W.3d 192 (Tex. Crim. App. 2001).

Proof that the robbery or attempted robbery was committed as an afterthought is not sufficient. **Herrin v. State,** 125 S.W.3d 436 (Tex. Crim. App. 2002).

2

An appellate court must consider the totality of evidence in the record. **Guzman v. State,** 955 S.W.2d 85 (Tex. Crim. App. 1997).

The lower court's opinion is at odds with precedent from this court, thus warranting review.

## PRAYER FOR RELIEF

WHEREFORE, petitioner prays that his ground for review be granted and that this Court reverse the decision of the lower court.

Respectfully submitted,

/S/_____
KEN GOODE
P.O.Box 590947
Houston, Texas 77259
(409) 779-3631; SBN 08143200
Goodedkc@msn.com

## CERTIFICATE OF WORD COUNT COMPLIANCE

Relying on the word count function in the word processing software used to produce this document I certify that the number of words used in this petition for discretionary review is 700.

/S/_____
KEN GOODE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the State and the State Prosecuting Attorney this 1st day of May 2015 by first class mail.

/S/_____
KEN GOODE

4



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00109-CR

---

**KEVIN ANTONIO OWENS, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1316170**

---

## MEMORANDUM OPINION

A jury convicted appellant Kevin Antonio Owens of capital murder committed in the course of a robbery, and he was sentenced to life without parole. *See* Tex. Penal Code Ann. §§ 12.31(a)(2), 19.03. In two issues, appellant contends the evidence is legally insufficient and the trial court erred by admitting evidence of an extraneous offense. We affirm.

## I.    SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient to support the jury's verdict because the evidence does not establish beyond a reasonable doubt that appellant formed the intent to rob the complainant before or at the time of the murder.

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (quotation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). In reviewing historical facts that support conflicting inferences, we must presume that the jury resolved any such conflicts in the State's favor, and we must defer to that resolution. *Whatley*, 445 S.W.3d at 166. "[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id.* (alteration in original) (quotation omitted).

Appellant was charged with capital murder by intentionally committing a murder in the course of committing or attempting to commit a robbery. *See* Tex. Penal Code Ann. § 19.03(a)(2). The State had the burden to prove beyond a reasonable doubt that appellant formed the intent to rob before or at the time of the murder. *See Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). "Proof of robbery committed as an afterthought and unrelated to a murder is not sufficient evidence of capital murder." *Id.* However, evidence is legally sufficient to prove the intent to rob if "the jury could rationally conclude beyond a reasonable doubt that the defendant formed the intent to obtain or maintain control of the victim's

2

property either before or during the commission of the murder." *Id.*; *see also* Tex. Penal Code Ann. § 29.02 (robbery requires "intent to obtain or maintain control of the property"). A jury may infer the defendant's intent to rob based on the conduct and words of the defendant. *See Conner*, 67 S.W.3d at 197; *McGee v. State*, 774 S.W.3d 229, 234 (Tex. Crim. App. 1989); *see also Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) ("Intent may be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant.").

Here, the jury heard evidence that the decedent, Fusham Zhang, owned several condominium units and rented them out to tenants. In the past, appellant had been one of Zhang's tenants, but appellant was living with his girlfriend across the hall from Zhang around the date of the murder. Appellant's girlfriend testified that appellant believed Zhang owed him money. She testified that appellant "was upset and he wanted his money back."

On the day of the murder, Zhang was with two new tenants in their apartment when he poured water through the screened-in patio onto some bushes. Some of the water splashed appellant, and appellant got upset. Appellant started yelling at Zhang about the water, but appellant then started saying that Zhang owed appellant money. Appellant pulled a large butcher knife from his pocket, cut through the screened-in patio, and pulled Zhang outside. Appellant said he would kill Zhang. Multiple witnesses testified that appellant was arguing with Zhang about money. One of the tenants testified that appellant told Zhang that Zhang owed appellant $2,500; the other tenant testified it was "around like 2,000, in that range."

Two other witnesses were walking down the sidewalk when the confrontation began. One of them testified that she saw Zhang and appellant arguing. Appellant was holding Zhang and asked, "Where's the money?"

Appellant was "ruffling [Zhang's] pockets trying to go in his pocket." It was "clear" to this witness that appellant "was trying to rob him." She saw appellant with the knife. Zhang was pleading for his life. Multiple witnesses heard Zhang saying that he did not have any money. Then, appellant stabbed Zhang in the neck, killing him. After threatening to kill several witnesses, appellant fled. He was apprehended later that day when he returned to the condominium complex.

In *Herrin v. State*, the Court of Criminal Appeals held that evidence of the defendant's belief that the decedent owed him money, coupled only with the fact that the decedent's wallet was missing, was insufficient to prove an intent to rob. *See* 125 S.W.3d 436, 442–43 (Tex. Crim. App. 2002). But here, there is ample evidence that appellant intended to rob Zhang. Appellant was demanding money from Zhang and "ruffling" through Zhang's pockets immediately before the murder. This evidence is sufficient for a rational jury to find beyond a reasonable doubt that appellant formed the requisite intent to rob Zhang before or during the murder. *See Conner*, 67 S.W.3d at 198 (evidence sufficient to prove the defendant's attempt to rob when a witness heard a man say "give me all your money" and saw the defendant shoot the decedent, although there was no evidence that money was taken from the decedent's cash register); *see also McGee*, 774 S.W.2d at 234 (suggesting that the "talisman of an intent to steal" would have been the appellant demanding money from the decedent before attacking him).

Appellant's first issue is overruled.

## II. Admission of Evidence

In his second issue, appellant contends that the trial court erred by permitting Houston Police Department Officer Iola Simpson to testify about appellant's resisting arrest and assault on her after the murder. Citing Rule 403 of the Texas

Rules of Evidence, appellant argues that the probative value of the testimony was substantially outweighed by its prejudicial effect. *See* Tex. R. Evid. 403.[1]

We review a trial court's decision to admit evidence for an abuse of discretion. *See Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We must affirm so long as "the trial court's ruling was within the zone of reasonable disagreement." *Id.* We give deference to a trial court's decision under Rule 403 that "the probative value of evidence is not outweighed by the danger of unfair prejudice." *Id.* Under the rule, a trial court must balance two factors against four others:

(1)    the inherent probative force of the proffered item of evidence; and

(2)    the proponent's need for that evidence.

### *versus*

(3)    any tendency of the evidence to suggest a decision on an improper basis;

(4)    any tendency of the evidence to confuse or distract the jury from the main issues;

(5)    any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and

(6)    the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 201 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). The rule presumes that the probative value of relevant evidence exceeds any danger of unfair prejudice, and a trial court should exclude evidence "only when there is a

---

[1] At the time of appellant's trial, Rule 403 stated: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403 (1998, amended 2015).

'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

Officer Simpson testified that she received a dispatch call to respond to a stabbing. She saw appellant near the crime scene and attempted to detain him as a possible suspect. Appellant was compliant at first, but when she attempted to cuff him for officer safety, he spun around with a large butcher knife and told her he was not going to jail. She identified State's Exhibit 35 as the knife.[2] Simpson grabbed appellant's arm and struggled with him. She pleaded, "Please don't stab me with this knife." He said, "Just let me go," and she responded, "I can't do that." He tried to get her gun, so she tried to do a "side arm, hip shoot," but he pushed her arm and she missed. During the struggle, the magazine clip came out of the gun, and she thought "this guy is trying to kill me for real." He pushed her and then fled as she fell backwards. She fired at him again but missed, and she fell to the ground, injuring her hip, elbow, and arm. Appellant escaped custody at that time.

Turning to the first factor identified above, Simpson's testimony was highly probative to establish guilt. The testimony showed appellant's spatial and temporal proximity to the murder scene, his flight from apprehension by police, and his possession of the murder weapon. *See, e.g., Palomo v. State*, 352 S.W.3d 87, 90–91 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (circumstantial evidence of guilt includes proximity to the murder scene near the time of the murder, flight from police, and possession of the murder weapon). In particular, the evidence of the aggravated assault upon Simpson during appellant's flight shows the lengths to which he was willing to go to escape apprehension for the

---

[2] Other witnesses identified State's Exhibit 35 as the knife appellant used to murder Zhang. It was found in an apartment complex near the murder scene.

murder, thus evidencing a consciousness of guilt. Under the second factor, we note that the State's case was strong, and the State did not necessarily need Simpson's testimony: four eyewitnesses to the murder identified appellant in open court, and other extraneous bad-act evidence was adduced (such as appellant's kidnaping and threatening the lives of the the two tenants who had been present with Zhang during the murder).

Under the remaining four factors, we note that extraneous offense evidence is inherently prejudicial and generally creates a risk that jurors will make a decision on an improper basis. *See, e.g., Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994); *Plante v. State*, 692 S.W.2d 487, 494 (Tex. Crim. App. 1985). However, here the evidence did not have a strong tendency to confuse or distract the jury, particularly in light of the fact that the evidence did not consume an inordinate amount of time or merely repeat evidence already admitted. Simpson was one of fifteen witnesses, and her testimony was relatively brief. The jury was properly instructed in the charge on the use of extraneous offense evidence, so the jury was equipped to evaluate the evidence.

On balance, we cannot conclude that the trial court abused its discretion by admitting this evidence. There is not a clear disparity favoring exclusion.

Appellant's second issue is overruled.

7

## III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Sharon McCally
Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).