

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00579-CR

Rudy Rene **CAMACHO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR7305
Honorable Jennifer Pena, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Beth Watkins, Justice

Delivered and Filed: February 5, 2020

AFFIRMED

A jury convicted appellant Rudy Rene Camacho ("Camacho") of murder, and the trial court sentenced him to confinement for sixty years. We affirm the trial court's judgment.

### Discussion

In his sole issue on appeal, Camacho argues the trial court erred by overruling his hearsay objection to testimony regarding the contents of a text message he purportedly authored. In response, the State argues Camacho failed to preserve his issue by timely objecting in the trial

court. Alternatively, the State argues that even if the issue were preserved, the evidence was not hearsay and Camacho was not harmed by its admission.

We review the admission of evidence for abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will affirm the trial court's decision if it was within the zone of reasonable disagreement. *Id.* As a prerequisite to presenting an evidentiary complaint for appellate review, the record must show the complaint was made to the trial court by timely objection. TEX. R. APP. P. 33.1(a); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). An objection is timely if it is made as soon as the basis for the objection becomes apparent. *Dinkins*, 894 S.W.2d at 355. "Therefore, if a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds. If he fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Id.* (internal citations omitted).

In this case, a friend of Camacho testified she received a text message on the night of the murder from a number belonging to "Chachi," whom she identified as Camacho. The following exchange between the prosecutor and the witness took place:

> Q. [by the prosecutor] And this was a message sent to you by Chachi the night—shortly after that murder, correct?
>
> A. Right.
>
> Q. What does the message say?
>
> A. "I love you. Please have my back. You don't know who did whatever. It was a black dude."
>
> Q. All right. That was a little quick. Could you tell me that again? And I'm going to write it down over here.
>
> A. I love you. Please—

[Camacho's trial counsel] Your Honor . . . This is a hearsay statement. It's not directly from Mr. Camacho. [The witness] wasn't there personally when this message came through, and I'll object to it as being hearsay.

The trial court overruled the objection.

Even assuming the substance of the text message was hearsay, Camacho failed to object before the witness responded to the prosecutor's request that she read the text message to the jury. Therefore, because Camacho failed to object as soon as the basis for the objection became apparent, his objection was untimely and any error is waived. *See id.* Camacho's sole issue is overruled.

## Conclusion

Having overruled Camacho's sole issue on appeal, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH