

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00007-CR

**TOMMY EARL LANDRUM, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 82nd District Court
Falls County, Texas
Trial Court No. 11190**

## MEMORANDUM  OPINION

Tommy Earl Landrum was found guilty by a jury of the second-degree felony offense of possession of a controlled substance, methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). The jury found two allegations of prior felony convictions true and assessed Landrum's punishment at forty years in the penitentiary.

The trial court sentenced Landrum accordingly. Landrum brings this appeal seeking reversal of the trial court's judgment. We affirm.

## Background

On November 10, 2021, deputies with the Falls County Sheriff's office responded to a night-time call of a suspicious vehicle on County Road 494 North in Chilton, Texas. When the deputies arrived on the scene, they observed a blue Mercury Grand Marquis sedan parked in the road with its lights turned off, and passenger door open. Landrum was in the driver's seat and Shandra Morris was in the passenger seat. Deputies discovered Morris had a cut on her leg and called EMS to the scene. In a search of the vehicle, the deputies found drug paraphernalia, a black and grey "Nissan" case that contained several small plastic bags of methamphetamine, several cigars, and a receipt. Landrum was arrested and subsequently indicted.

## Issue

In one issue, Landrum complains that the trial court erred in admitting evidence of two extraneous offenses.

AUTHORITY

We review the trial court's admission of extraneous-offense evidence for an abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *Santellan v. State*, 939 S.W.2d 155,

169 (Tex. Crim. App. 1997). Evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show action in conformity therewith. TEX. R. EVID. 404(b). If extraneous-offense evidence has relevance apart from character conformity, it is admissible if the proponent persuades the trial court that it tends to establish some elemental fact or that it rebuts a defensive theory. *Santellan*, 939 S.W.2d at 168. "Whether extraneous[-]offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

DISCUSSION

During Landrum's trial, the State was permitted to admit evidence of two occasions when law enforcement found Landrum to be in possession of methamphetamine. Both encounters resulted in Landrum being indicted for possession of a controlled substance, methamphetamine, and both extraneous offenses were pending cases in Falls County at the time of Landrum's trial.

On appeal, Landrum argues that admission of the two extraneous incidents was "unnecessary because the State had already drawn a straight line between [Landrum] and the controlled substance." Landrum contends admission of the extraneous incidents amounted to "overkill" and that the "evidence provided no help to the jury in resolving the contested issue of possession." Landrum also calls on us to reexamine our holding in *Aguilar v. State*, in which we held that a defensive theory presented during jury selection

and/or opening statement can open the door to evidence of extraneous offenses. No. 10-21-00118-CR, 2023 WL 2308266, at *1 (Tex. App.—Waco Mar. 1, 2023, pet. ref'd) (mem. op., not designated for publication). We decline to do so.

During trial, the State argued that evidence of the two extraneous offenses was needed to refute Landrum's defensive theory regarding Landrum's lack of intent or lack of knowledge of the methamphetamine. The State also argued the two extraneous offenses were admissible under the doctrine of chances.

Landrum's defensive theory was first developed during jury selection when Landrum asked panel members whether anyone had ever had something left in their vehicle, home, or office that was not theirs. Specifically, Landrum asked about "leftover bags, boxes, purses" and how "possession can be difficult sometimes," which was followed by statements to the panel regarding having knowledge of the contents of any item. Landrum's inquiry essentially asked whether it was fair to automatically conclude that a person has knowledge of the contents of an item found on their person or in their car. Landrum, in his opening statement, renewed his theme from jury selection by stating that "[i]t's going to be very important for you to listen and to hear what the police found and where they found it, and who else was there. Because just like we talked about in Voir Dire possession can get complicated." Finally, Landrum's cross examination of the two investigating deputies questioned whether Landrum had knowledge of the methamphetamine. Specifically, Landrum asked whether there was an attempt to

recover fingerprints or DNA from the Nissan case or the plastic bags containing methamphetamine, whether an effort was made to determine if either occupant of the automobile owned a Nissan automobile, whether a credit card receipt found in the Nissan case that matched a credit card found in Landrum's possession could have been from Morris's use of the credit card, and whether Morris smoked cigars. Landrum's defensive theory made the extraneous offenses relevant to the material, non-propensity, issues of knowledge and intent. *See Santellan*, 939 S.W.2d at 168. Where the material issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extraneous offense derives purely from the point of view of the doctrine of chances. *Plante v. State*, 692 S.W.2d 487, 491 (Tex. Crim. App. 1985), holding modified by *Harrell v. State*, 884 S.W.2d 154 (Tex. Crim. App. 1994).

Whether analyzed under Rule 404(b) or the doctrine of chances, we conclude the trial court could have reasonably decided that the extraneous offense evidence at issue had noncharacter conformity relevance where it rebutted Landrum's defensive theory that he had no knowledge of the methamphetamine found in the Nissan container located in the Mercury Grand Marquis sedan, thus the trial court did not abuse its discretion in admitting the extraneous offense evidence and its admission did not violate Rule 404(b).

We overrule Landrum's sole issue and affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurs.)
Affirmed
Opinion delivered and filed June 13, 2024
Do not publish
[CR25]

